| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, California 90019<br><br>310 871-9732<br><br><br><br>☒ Individual appearing without attorney<br>☐ Attorney for: | FILED<br>APR 1 0 2014<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:         Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - \*\*SELECT DIVISION\*\***

| In re:<br>Kimberely Martin Bragg<br>Debtor in Possession<br><br><br>Debtor(s). | CASE NO.: 2:14-bk-15698-ER<br>CHAPTER: 11<br><br>**NOTICE OF OPPOSITION AND REQUEST FOR A HEARING** |
|---|---|

1. TO (specify name): All parties and their attorneys of record

2. NOTICE IS HEREBY GIVEN that Ivan Rene Moore,
a party in interest, hereby opposes the following request (specify that which is opposed):
Employment of Andrew Goodman Esq and Payment of Post Petition Retainer

 ORIGINAL

3. This opposition is based upon the following grounds (specify grounds):
See Attachment A

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                     Page 1                     F 9013-1.3.OPPOSITION.REQ.HEARING

4. Attached hereto are the following documents in support of this opposition which are admissible under the Federal Rules of Evidence (*specify declarations and exhibits by name or description*):

   1. Declaration of Ivan Rene Moore

   2. Exhibit A - A copy of Interlocutory Judgment filed November 8, 2013, in Moore vs. Bragg Los Angeles Superior Court Case No. BC480013.

   3. Exhibit B - A copy of the Summons in Wells Fargo Bank, N. A. vs. Ivan Rene Moore, et al. Civil No. 12-C-271, US District Court for the Eastern District of Wisconsin.

   4. Exhibit C - A copy of page 40 of the Debtor's petition, page 40.

5. ☐ *(Optional)* Attached hereto is a Memorandum of Points and Authorities upon which opposing party will rely.

6. Total number of attached pages of supporting documentation: __14__

Any reply to this opposition must be filed with the court and served on this opposing party not later than 7 days prior to the hearing on the motion.

WHEREFORE, the undersigned prays that this court deny the subject request and set this matter for a hearing.

Date: __04/07/2014__                                        Respectfully submitted,

                                                            __IVAN RENE MOORE__
                                                            Printed name of law firm

                                                            _/s/ (signature)_
                                                            Signature

                                                            __IVAN RENE MOORE__
                                                            Printed name

                                                            Attorney for: __Creditor in Pro Per__

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                          Page 2            F 9013-1.3.OPPOSITION.REQ.HEARING

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1236 Redondo Boulevard, Los Angeles, CA 90019

A true and correct copy of the foregoing document entitled: **Notice of Opposition and Request for a Hearing** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __04/08/2014__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/08/2014 | Gail Lee | *(signed)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# SERVICE LIST BRAGG FRAUDULENT BANKRUPTCY FILING
## CASE BK-15698-ER

**United States Trustee**
Peter C. Anderson
915 Wilshire Blvd Suite 1850
Los Angeles, California 90017

**United States Trustee Council for**
Peter C. Anderson
**Queenie Ng Esq Trial Attorney**
915 Wilshire Blvd Suite 1850
Los Angeles, California 90017

Chase
P.O. Box 78420
Phoenix, AZ 85062

Great West Retirement Services
P.O. Box 173764
Denver Co 80217

Wells Fargo Banks
PO Box 25341
Santa Ana, Ca 92799

Chase
P.O. Box 15123
Wilmington, DE 19850

Citibank
P.O Box 6004
Sioux Falls, SD 57117

Thomas Reed Esq (Appellant Specialist)
5777 W Century Boulevard
Los Angeles, Ca 90045

Los Angeles Police Credit Union
16150 Sherman Way
Van Nuys Ca 91410

Michael Williamson Esq
2000 East Del Mar Blvd
Pasadena, California 91105

Lane Nussbaum
27489 Agoura Rd, Suite 102
Agoura Hills, California 91301

Wells Fargo Banks
PO Box 25341
Santa Ana, Ca 92799

Andrew Goodman
16000 Ventura Blvd
Encino, California 91436

## ATTACHMENT (A)

## TO NOTICE OF OPPOSITION AND REQUEST FOR A HEARING RE CREDITOR

## IVAN RENE MOORE'S OBJECTION TO NOTICE OF APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY GREENBERG& BASS LLP AS BANKRUPTCY COUNSEL AND PAYMENT OF POST-PETITION RETAINER

The Bankruptcy filing of Debtor Kimberly Martin-Bragg is fraudulent in many ways. It was filed specifically to hinder and delay several actions in the Los Angeles Superior Court, including the collection of a Judgment in a part of one of those actions, by the judgment creditor, Ivan Rene Moore. The schedules contain wilfully false information.

This Creditor intends to reveal all the fraud known to him to date, to this Court in a later pleading. However for this Creditor's opposition to any payment to her present counsel, this Creditor provides the following example for this Court, noting this is one of the many.

This Debtor has failed to list over four million of dollars of assets that belong to this Creditor that the Debtor is hiding, using, selling, hypothecating, and/or fencing. In July 2013, this Debtor won a unanimous jury verdict, specifying much of this property, and awarding this Creditor return of his property, or this Debtor must pay him $5,650,000.00. (See Interlocutory Judgment filed November 8, 2013, attached hereto as Exhibit A) Judge Rosenblatt reduced this award to $3,150,000.00.

The Debtor Bragg testified in this matter under oath, that she sold one of this Creditor's 1969 Camaro, a classic, valued at over $100,000.00. The Marina Del Rey Sheriff's Station, specifically Watch Commander Lt. Carol, has told this Creditor that his guns which this Debtor refused to return, and was used in the commission of a crime against police officers. (This is particularly bad in light of the fact that this Debtor purports to be a Los Angeles Police Officer, out on disability.) This bankruptcy is a continuation of the fraud perpetrated by this Debtor. This Debtor and her attorneys of record, have made numerous false statements in these State Court actions for over three years.

This Debtor is under a Court Order from Judge Michelle Rosenblatt (and two others before her) to return this property to this Creditor. (Also see Exhibit A) Bragg's attorney in the State Court actions, Thomasina Reed has stated that Bragg has paid her over $300,000.00 in fees. How can Bragg have paid that on a salary of $4200.00 gross? Bragg is using and has used this Creditor's property, stolen property, to pay attorney bills. This is how she intends to pay her bankruptcy counsel, by stealing Mr. Moore's property and selling it.

This bankruptcy is a violation of **18 U.S. Code § 157 - Bankruptcy Fraud**. The debtor has listed litigation she is not a defendant to increase the debtor purported liability to perpetrate a fraud on this Court. Her attorney could have certainly looked up and was obliged to look up this litigation to investigate it. He failed to do so. He should not be entitled to fees to help the

1

Debtor perpetrate a fraud. (A copy of the Summons in the action Wells Fargo Bank, N.A. vs. Ivan Rene Moore, et al., Civil No. 12-C-271 US District Court, for the Eastern District of Wisconsin, is attached as Exhibit B)  This Debtor is not a named party Defendant in this matter. (See page 40 of Debtor's filing attached as Exhibit C. )  Debtor Bragg has never been named inthis lawsuit as she has stated under penalty of perjury.


This request is made so that this Judgment Creditor can bring all and further evidence of this Debtor's fraud to this Court.  Creditor Ivan Rene Moore, intends to file and will file an adversarial matter against this Debtor and is currently reporting this fraud to the US Department of Justice, Bankruptcy Fraud Department.  This Creditor also requests that any monies held by the Debtor's attorneys, Greenberg & Bass, LLP, be forwarded to the Trustee, Peter C. Anderson, immediately.

# DECLARATION OF IVAN RENE MOORE

I, IVAN RENE MOORE, declare:

I am the most substantial Judgment Creditor of the Debtor Kimberly Martin-Bragg ("Bragg") herein, and have personal knowledge of this matter, information, and belief, formed after an inquiry reasonable under the circumstances,

1. This Declaration it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

2. The claims, defenses, and other legal contentions therein are warranted by existing law;

3. The allegations and other factual contentions have evidentiary support and it is provide as Exhibits to the Opposition and Attachment A or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

4. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

5. I am the Judgment Creditor of a Judgment I won in Moore vs. Bragg, BC 480013, an action which was bifurcated by Judge Michelle Rosenblatt, in the Los Angeles Superior Court.

6. The Judgment I won was for $ 5,650,000.00 and was reduced by Judge Rosenblatt to $3,150,000.00. This Judgment was for the Conversion of my property, and the Trespass to Chattel of my property by the Debtor, and for loss of earnings.

7. In the Interlocutory Judgment in this action, Judge Rosenblatt ordered the Debtor Bragg to return my property, specifically listed in the Special Verdicts and in the Judgment from the Court, by Judge Rosenblatt. She is in violation of that order, and of four other preceding orders of the Court.

8. The Debtor has stolen and is keeping over $15,000,000.00 of my real and other properties.

9. The Debtor has not listed these properties in her schedule. She has listed a piano, and none of the other property she still has or has sold.

10. At the trial in BC 480013, in July 2013, Bragg testified under oath, that she sold my classic 1969 Camaro, valued at over $100,000.00. This was not listed in her schedule.

11. The Sheriffs at Marina Del Rey told me in 2013, that my guns that Bragg stole, were used in the commission of a crime against police officers.

12. None of my property which is still in Bragg's possession, over $15,000,000.00 was listed in her schedules, except for my piano.

13. Bragg's attorney in the state court action, Thomasina Reed, has stated in one of the State Court Actions I filed against Bragg, that Bragg has paid her $300,000.00 since she became her attorney 2012. Bragg makes, according to her paperwork, $4200.00 a month gross.

14. Bragg is and has been selling my property to pay her lawyers, including her present lawyers. Her present lawyers have not attached any exhibits to their pleading.

15. Bragg is not a named defendant in the matter Wells Fargo Bank, N. A. vs. Ivan Rene Moore, et al., Civil No. 12-C-271 US District Court, for the Eastern District of Wisconsin.

16. Page 40 of Bragg's filing indicates she is a named party. It specifically states, "Wells Fargo Bank vs. Bragg. This is an intentional lie and a fraud.

2

17. Either her counsel Greenberg & Bass, LLP failed to investigate this lie, or is also perpetrating a fraud upon this court in combination with their client.

18. In either instance this Court should not allow these counsel to be paid and any and all monies they hold now, should be forwarded to the Trustee, Peter Anderson, immediately. A hearing should be set on this matter.

19. I am preparing other pleadings to bring to this Court's attention, and have knowledge of many other fraudulent representations Bragg has made in her Petition, and signed under penalty of perjury.

20. Bragg has filed this fraudulent bankruptcy to avoid paying me the Judgment I won against her in BC 480013, Moore vs. Bragg, and to continue to violate State Court orders by failing to return my property.

21. This property includes my professional, intellectual, legal, personal, corporate, business and other properties.

22. Because of her theft of my property, I have been harmed in my profession, my businesses, my corporations, an in many other ways. This fraudulent bankruptcy is a continuation of the three years of litigation I have had to file in order to try to get back from Bragg my property she has stolen.

23. I am the Plaintiff in other actions in State Court which as of the date of the filing of Bragg's petition, were awaiting trial. They include: Moore vs. Bragg, BC 480013 ( the remaining cause of action for interference with prospective business advantage) related to; Moore vs. Bragg, BC483656; and Moore vs. Bragg, BC464111 consolidated with BC 475551, Hills vs. Bragg.

3

1  I declare under penalty of perjury under the laws of the State of California and under the laws of
2  the United States of America, that the foregoing is true and correct. If called to testify in a court
3  of law, I would testify to the same.

4
5  Executed at Los Angeles, California on **April 8, 2014.**

6  **IVAN RENE MOORE**

7  _____
   IVAN RENE MOORE
   Creditor

4



SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

**NOV 08 2013**

Sherri R. Carter, Executive Officer/Clerk

By Jeff W. Lipp, Deputy

| | |
|---|---|
| IVAN RENE MOORE, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY MARTIN-BRAGG <br> Defendant. | Case No. BC480013 <br><br> Interlocutory Judgment |

This action came on regularly for trial on July 15, 2013, in Department 40 of the Los Angeles Superior Court, the Honorable Michelle R. Rosenblatt, Judge presiding. Plaintiff IVAN RENE MOORE appeared *in propria persona* and Defendant KIMBERLY MARTIN-BRAGG appeared by attorney Thomasina M. Reed, Esq.

On October 19, 2012, the Court had granted a motion to consolidate BC480013 with BC483652. On July 15, 2013, at the request of Plaintiff, and with no objection from Defendant Martin-Bragg the Court bifurcated the causes of action for trespass to chattel, conversion of personal property, and Civil Code section 1965 from the remaining causes of action in BC483652 and the trial was heard as to those causes of action alone.

A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and testified. The Court granted Plaintiff's request to amend the complaint to conform to proof to add a prayer for the return of the personal property. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury, with directions to return each special verdict and to include a recommendation (advisory verdict) to the Court whether the property should be returned and if so, the jury's recommendation as to the reduction in damages to be awarded. The

1

EXHIBIT A

jury was instructed to complete the verdicts on the trespass to chattel and on the conversion but that the damages award is in the alternative.

On the conversion cause of action, the jury verdict was as follows:
1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:
    (a) Clothing, shoes, kitchen equipment, and other personal property? YES
    (b) Piano:   YES
    (c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES
    (d) Recording Console SSLK? YES
    (e) Music, Sound and Recording Equipment? YES
    (f) Musical Instruments? YES
    (g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO
    (h) Masters? YES
2. Did Kimberly Martin-Bragg intentionally and substantially interfere with any of Ivan Rene Moore's property by taking possession of/preventing Ivan Rene Moore from having access to, or destroying, or refusing to return any of items to which you checked "yes" in question 1 after Ivan Rene Moore demanded its return? YES
3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES
5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm? YES
6. What are Ivan Rene Moore's damages?
    a. For fair market value of the property: $2.5 million ($2,500,000.00)
    b. For lost profits:                      $650,000
    Total:                                    $3,150,000

2

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the trespass to chattel cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:  YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally interfere with Ivan Rene Moore's use or possession of any of Ivan Rene Moore's property or damage his property?   YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property: $2.5 million ($2,500,000.00)

3

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the Civil Code section 1965 cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

    (a) Clothing, shoes, kitchen equipment, and other personal property? YES

    (b) Piano:  YES

    (c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

    (d) Recording Console SSLK? YES

    (e) Music, Sound and Recording Equipment?  YES

    (f) Musical Instruments? YES

    (g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

    (h) Masters?  YES

2. Was the property owned, possessed or which Ivan Rene Moore had the right to possess in 6150 Shenandoah at the time Ivan Rene Moore vacated the premises? YES

3. Did Ivan Rene Moore request from Kimberly Martin-Bragg or her attorney, in writing, within 18 days of vacating 6150 Shenandoah Avenue, the surrender of the personal property? YES

4. Did the written request include a description of the personal property and specify a mailing address of Ivan Rene Moore? NO

4

In accordance with the verdict of the jury, the Court renders judgment for Plaintiff IVAN RENE MOORE against KIMBERLY MARTIN-BRAGG on the causes of action for trespass to chattel and conversion and for Defendant KIMBERLY MARTIN-BRAGG on the Civil Code section 1965 cause of action. The Court awards judgment to Plaintiff IVAN RENE MOORE against Defendant KIMBERLY MARTIN-BRAGG in the sum of three million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon together with costs in the amount of $_____.

The jury recommends that Plaintiff IVAN RENE MOORE is entitled to the return of personal property specifically identified, to wit, clothing, shoes, kitchen equipment, personal property, piano, SSLK console, Masters, '71 Camaro, personal legal documents and recommends a reduction of the verdict to six hundred fifty thousand dollars ($650,000) should the property be returned.

The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted.

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with the evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN-BRAGG is ordered to have the property returned to IVAN RENE MOORE.

5

Additionally, if the items, or any of them, are not returned, IVAN RENE MOORE may seek enforcement of the judgment for possession of personal property in accordance with Code of Civil Procedure sections 714.010 et seq. The Court will make such further orders as is necessary to effectuate the enforcement of the judgment, including an order for removal of the SSLK Console from 6150 Shenandoah Avenue as it requires professional disassembly.

The Court will reduce the judgment in an amount to be determined by this Court up to $650,000 should Plaintiff receive the return of his property. If KIMBERLY MARTIN-BRAGG returns only a portion of the property or the property is damaged to the extent that it is unusable, Plaintiff may apply to the Court by way of noticed motion for a further Order regarding an offset consistent with the evidence presented at trial and with this judgment.

This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property. However, the judgment is enforceable.

Dated: November 8, 2013

**MICHELLE R. ROSENBLATT**
———————————————
Michelle R. Rosenblatt, Judge

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| WELLS FARGO BANK, N.A. )<br><br>*Plaintiff* )<br>)<br>v. )<br>)<br>IVAN RENE MOORE, RENE MOORE MUSIC, INC., )<br>et al )<br>*Defendant* ) | Civil Action No.  12-C-271 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  IVAN RENE MOORE          RUFFTOWN ENTERTAINMENT GROUP, INC.
6150 Shenandoah Avenue   5190 Neil Road, Ste. 430
Los Angeles, CA 90056    Reno, NV 89501
RENE MOORE MUSIC, INC.   RADIO MULTI MEDIA, INC.
5190 Neil Road, Ste. 430 10000 Shelbyville Road
Reno, NV 89501           Louisville, KY 40223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Sherry D. Coley, Timothy F. Nixon, Jennifer
Herzog, Godfrey & Kahn, SC, 780 N. Water
Street, Milwaukee, WI 53202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 03/22/2012

s/M. Murawski
*Signature of Clerk or Deputy Clerk*

EXHIBIT B

3/25/14 5:35PM

B7 (Official Form 7) (04/13)
3

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Wachovia Bank/Wells Fargo vs. Kimberly Martin 2:12-cv-00271-RTR | Civil | Milwaukee, WI | Pending |
| BC 287209; Ronald Hills, et al. v. IndyMac Mortgage Holdings, Inc. et. al. Filed 12/4/2013 | Real Property Rights Case | Los Angeles Superior Court | Verdict |
| Ivan Rene Moore vs. Kimberly Martin Bragg BC 480013 | Other Intentional Tort-notPI/WD/PD | Los Angeles Superior Court | Verdict 09/03/2013 |
| KIMBERLY MARTIN-BRAGG VS. IVAN RENE MOORE BC459449 | UD/Residence (not Drugs/Evict) (General Jurisdiction) | LASC | Other Judgment 01/23/2012 |
| IVAN RENE MOORE VS KIMBERLY MARTIN BRAGG BD556404 | Dissolution of Marriage | LASC | Dismissed - Lack of Prosecution 07/05/2012 |
| IVAN MOORE VS KIMBERLY MARTIN-BRAGG BC483652 | Other Contract | LASC | Cons with Lead Case |
| RONALD HILLS VS IVAN RENE MOORE ET AL BC475551 | Contractual Fraud | LASC | Cons with Lead Case |
| IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG ET AL BC464111 | Defamation (Slander/Libel) | LASC | Pending |

None ☐    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Ivan Rene Moore 1236 Redondo Blvd. Los Angeles, CA 90019 | 03/20/2014 | LAPD Credit Union - $974.00 |

### 5. Repossessions, foreclosures and returns

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

EXHIBIT C