1    IVAN RENE MOORE
     1236 Redondo Boulevard
2    Los Angeles, CA  90019
     310 871-9732
3

4    Plaintiff

**FILED**

APR 30 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

5

6                    **UNITED STATES BANKRUPTCY COURT**

7                     **CENTRAL DISTRICT OF CALIFORNIA**

8

9    In Re                              )   **Bankruptcy Case No.**
                                        )   **2:14-bk-15698-~~BR~~** *EL*
10   Kimberly Martin Bragg              )
                                        )   **Adversary Case No.**
11   _____      )   **2:14-ap-01246-ER**
                                        )
12   Ivan Rene Moore,                   )
                                        )   Assigned to:  **Judge Ernest M.  Robles**
13                   Plaintiff,         )
                                        )   **SUPPLEMENTAL OPPOSITION TO**
14                                      )   **REQUEST TO HIRE COUNSEL  AND**
                                        )   **PAYMENT OF COUNSEL**
15   vs.                                )
                                        )   Date:  **May 7, 2014**
16                                      )   Time:  **10:00am**
     Kimberly Martin-Bragg;  George Barbour,   )   Place: **255 W. Temple, Courtroom 1568**
17   Andrew Goodman, Greenberg & Bass, LLP      )          **Los Angeles, CA**
     And Does 1 through 10, inclusive,          )
18                                      )
                                        )
19                   Defendants.        )
                                        )
20                                      )          📜 **ORIGINAL**
                                        )
21   _____      )

22

23          **TO ALL DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

24   Plaintiff, Ivan Rene Moore, hereby files a Supplemental Opposition to Defendants Request to hire

25   Counsel and Payment of Counsel.   This Supplemental Opposition is based upon the following:

26

27

28

                                        1

1.  This Debtor, Kimberly Martin-Bragg ("Bragg") is in wilful violation of multiple Court Orders in the Los Angeles Superior Court; specifically, in *Moore vs. Bragg*, BC 459449, and *Moore vs. Bragg* BC 480013.

2.  Once the Los Angeles Superior Court was in the process of issuing major sanctions against this debtor Bragg based on her ongoing conduct including but not limited to contempt of court, eviction of the 6150 Shenandoah property, possible incarceration and other remedy's the Los Angeles Superior has at their disposal, this debtor Bragg filed this fraudulent bankruptcy to stay all further preceding in the Los Angeles Superior Court.

5.  This attorney Mr. Goodman and his firm Greenburg & Bass was hired in November 2013, if this attorney had conducted **any** due diligences as an reasonable attorney would do, they would have discovered that this debtor and the filing was fraudulent and in violations of bankruptcy laws.

6.  **In a 4 month time period this attorney** purportedly did not uncover that this debtor listed herself in a federal action that she was not involved and never had been involved. **(See exhibit (A), pg. 40 of Bragg's schedules) (See Exhibit (B) face page of summons)**

7.  **In a 4 month time period** this attorney purportedly did not uncover that this debtor listed herself as owner of real property that she did not own 6150 Shenandoah Ave Los Angeles California 90056. **(See Exhibit (C) Resent Tax bill as Ronald Hills owner of 6150 Shenandoah)**

8.  **In a 4 month time period** this attorney purportedly did not uncover that this debtor filed a motion to have Mr. Hills deed declared as a fraudulent deed. The court denied the request of the debtor Bragg and the debtor Bragg never appealed the court rulings.**(See Exhibit D)**

9. **In a 4 month time period** this attorney purportedly did not uncover that this debtor is and was in violations of Judge Fruin's order dated **February 22nd 2012**. Regarding the returned of the judgment creditor's personal property. The Sherriff was called and a report was taken for contempt charges against Bragg, report No. 12058-0092 **(See Exhibit E)**

10. **In a 4 month time period this** attorney purportedly did not uncover that this debtor is and was in violations of Judge Chalfant's order dated **August 24th 2012** where this debtor again was order to return this judgment creditor's property and wilfully failed to do so. When the judgment creditor got possessions of the purported pod there was none of his property in the pod. **(See Exhibit F)**

11. **In a 4 month time period this** attorney purportedly did not uncover that this debtor is and was in violations of judge Rosenblatt's order dated **November 8th 2013** to returns the judgment creditors property and wilfully failed to do so in violations of the orders. **(See Exhibit G)**

12. **In a 4 month time period this** attorney purportedly did not uncover that this debtor loss at the California Court of Appeal case no **B238772** which is now California Case law **Bragg v. Moore 219 Cal App 4th 367.** The debtor never listed this case on her schedules or petition **(See Exhibit H)**

13. **In a 4 month time period this** attorney purportedly did not uncover that this debtor abruptly dismissed her unlawful detainer action to thwart the California Court of Appeal Courts rulings and decisions . **(See Exhibit I)**

14. **In a 4 month time period this** attorney purportedly did not uncover that this debtor is unlawfully withholding and in her possession and in control this judgment creditor's property a Solid State Logic Recording Console S/N 91448 valued over $450,000. Which the debtor filed to lists on her schedules and petition and which she has possession and control. **(See Exhibit J)**

15. **In a 4 month time period this** attorney purportedly did not uncover that this debtor is unlawfully holding the property of the company Solid state Logic that was loaned to this judgment creditor valued over $10,000.00. **(See Exhibit (K) declaration of George Horton vice president of Solid State Logic).**

16. **In a 4 month time period this** attorney purportedly did not uncover that this debtor unlawfully sold the judgment creditors car and claimed the Los Angeles Sherriff told her it was O.K to sell, which the Los Angeles Sherriff's department denied Watch Commander Carol Marin Del Ray Sherriff's Department.

17. This conduct makes it abundantly clear that if Mr. Goodman and his firm didn't know, he should have known in the 4 months of time that Mr. Goodman was involved in this action.

15. Mr. Goodman and his firm's conduct are in violations of the California Business and profession Code and the Bankruptcy laws, which requires them to investigate their clients claims and allegations to make sure the bankruptcy petitions and schedulers that are filed and signed under the penalty of perjury are true and correct which Mr. Goodman and his firm wilfully failed to do.

16.  This court should be aware that a Jury found in **BC 480013**, that the Debtor Bragg has wrongfully converted thousands of items and cash valued over **$5,650,000.00** of this Plaintiff's property.

17. In defiance of the bankruptcy laws this debtor has listed on her schedule only one piano, and undervalued that item. This court should be aware that there is over **$5,650,000.00** of items that is debtor Bragg is hypothecating, concealing and hiding and she is in violations of multiple court orders.

18. This Debtor with the assistants of her counsel has filed for this Chapter 11 fraudulently for the purpose of *forum shopping,* and avoidance of returning property belonging to this judgment creditor in violations of the Court's order (s).

19. The Debtor simply wants the Bankruptcy Court to unknowingly allow and assist her to continue her wrongful possession sales and fencing of Plaintiff's property, including the continued wrongful possession of Plaintiff's family home of 20 years.

20. The Debtor's former counsel, in the Los Angeles Superior Court actions, in the Los Angeles Superior Court actions, charged her $310.00 per hour with discounts.

21. Her present requesting attorney, Mr. Goodman, who is requesting this Court for employment in this Bankruptcy matter, is charging this debtor's estate $495.00 per hour.

22. This amount of attorney fees requested are cost prohibitive for a Debtor who cannot possibly reorganize and who has wilfully lied on her Petition in numerous ways.

23. I personally called Mr. Goodman to discuss this matter his attitude was condescending, combative and hostile and he hung-up the phone in my face.

24. Furthermore, Mr. Goodman and Greenberg & Bass, LLP are now Defendants in this adversary proceeding. There is a major conflict of interest, and they should not be permitted to continue representation of the Debtor given the aforementioned conduct.

25. Due to the foregoing this Debtor should be ordered to deposit the stolen funds with the trustee until the resolutions of the adversary proceeding.

26. Over ninety per cent of what Debtor has listed on her schedule **is not the debtor's property**.

27. This is a classic case in which the trustee should have control over this Debtor's estate, as she should not and cannot be trusted with anything based on the ongoing and forgoing conduct.

28. This court should be aware that there is not adequate protection and or insurance on this bankruptcy estate there are large amounts of employees withholding taxes in the various states on the corporations that are delinquency and past due, real property taxes are delinquent and due on real property.

29. Any new counsel they should be paid from her funds, **and not funds she has stolen from this judgment creditor and Plaintiff in the adversary proceeding.**

31. This judgment debtor is totally out of control and has no respect for the Court's the law and the rights of other property.

32. For the foregoing reasons, the application of counsel for employment and payment should be denied in total and a more cost effective attorney can be located that will follow the rules of Court and law.

Respectfully Submitted.

Dated:  April 29th , 2014

Ivan Rene Moore

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1236 Redondo Boulevard, Los Angeles, Ca.  90019

A true and correct copy of the foregoing document entitled (specify):  _Supplemental opposition To_
Supplemental Opposition to Request for Hearing and Payment of Counsel
_RequesT To Hire Counsel And PaymenT oF Counsel_

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (date)   04/29/2014   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/29/2014 | Gail Lee | |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST BRAGG FRAUDULENT BANKRUPTCY FILING
## CASE BK-15698-ER

**United States Trustee**
**Peter C. Anderson**
915 Wilshire Blvd Suite 1850
Los Angeles, California 90017

**United States Trustee Council for**
**Peter C. Anderson**
**Queenie Ng Esq Trial Attorney**
915 Wilshire Blvd Suite 1850
Los Angeles, California 90017

Chase
P.O. Box 78420
Phoenix, AZ 85062

Great West Retirement Services
P.O. Box 173764
Denver Co 80217

Wells Fargo Banks
PO Box 25341
Santa Ana, Ca 92799

Chase
P.O. Box 15123
Wilmington, DE 19850

Citibank
P.O Box 6004
Sioux Falls, SD 57117

Thomas Reed Esq (Appellant Specialist)
5777 W Century Boulevard
Los Angeles, Ca 90045

Los Angeles Police Credit Union
16150 Sherman Way
Van Nuys Ca 91410

Michael Williamson Esq
2000 East Del Mar Blvd
Pasadena, California 91105

Lane Nussbaum
27489 Agoura Rd, Suite 102
Agoura Hills, California 91301

Wells Fargo Banks
PO Box 25341
Santa Ana, Ca 92799

Andrew Goodman
16000 Ventura Blvd
Encino, California 91436

B7 (Official Form 7) (04/13)
3

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
☐    this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Wachovia Bank/Wells Fargo vs. Kimberly Martin 2:12-cv-00271-RTR | Civil | Milwaukee, WI | Pending |
| BC 287209; Ronald Hills, et al. v. IndyMac Mortgage Holdings, Inc. et. al. Filed 12/4/2013 | Real Property Rights Case | Los Angeles Superior Court | Verdict |
| Ivan Rene Moore vs. Kimberly Martin Bragg BC 480013 | Other Intentional Tort-notPI/WD/PD | Los Angeles Superior Court | Verdict 09/03/2013 |
| KIMBERLY MARTIN-BRAGG VS. IVAN RENE MOORE BC459449 | UD/Residence (not Drugs/Evict) (General Jurisdiction) | LASC | Other Judgment 01/23/2012 |
| IVAN RENE MOORE VS KIMBERLY MARTIN BRAGG BD556404 | Dissolution of Marriage | LASC | Dismissed - Lack of Prosecution 07/05/2012 |
| IVAN MOORE VS KIMBERLY MARTIN-BRAGG BC483652 | Other Contract | LASC | Cons with Lead Case |
| RONALD HILLS VS IVAN RENE MOORE ET AL BC475551 | Contractual Fraud | LASC | Cons with Lead Case |
| IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG ET AL BC464111 | Defamation (Slander/Libel) | LASC | Pending |

None    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
☐    preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Ivan Rene Moore 1236 Redondo Blvd. Los Angeles, CA 90019 | 03/20/2014 | LAPD Credit Union - $974.00 |

---

**5. Repossessions, foreclosures and returns**

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■    returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

EXHIBIT A

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

<table>
<tr><td>WELLS FARGO BANK, N.A.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.  12-C-271</td></tr>
<tr><td>IVAN RENE MOORE, RENE MOORE MUSIC, INC., et al</td><td>)<br>)</td><td></td></tr>
<tr><td>Defendant</td><td>)<br>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  IVAN RENE MOORE        RUFFTOWN ENTERTAINMENT GROUP, INC.
6150 Shenandoah Avenue     5190 Neil Road, Ste. 430
Los Angeles, CA 90056      Reno, NV 89501
RENE MOORE MUSIC, INC.     RADIO MULTI MEDIA, INC.
5190 Neil Road, Ste. 430   10000 Shelbyville Road
Reno, NV 89501             Louisville, KY 40223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Sherry D. Coley, Timothy F. Nixon, Jennifer Herzog, Godfrey & Kahn, SC, 780 N. Water Street, Milwaukee, WI 53202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  03/22/2012

_____
*Signature of Clerk or Deputy Clerk*

# 2013 ANNUAL PROPERTY TAX INFORMATION STATEMENT 2013

CITIES, COUNTY, SCHOOLS AND ALL OTHER TAXING AGENCIES IN LOS ANGELES COUNTY
## SECURED PROPERTY TAX FOR FISCAL YEAR JULY 1, 2013 TO JUNE 30, 2014

MARK J. SALADINO, TREASURER AND TAX COLLECTOR

FOR ASSISTANCE CALL 1(213) 974-2111 OR 1(888) 807-2111, ON THE WEB AT lacountypropertytax.com

**PROPERTY IDENTIFICATION**
ASSESSOR'S I.D. NO.: 4101 007 040 13 000
OWNER OF RECORD AS OF JANUARY 1, 2013
SAME AS BELOW

**MAILING ADDRESS**

HILLS,RONALD ET AL
C/O IVAN R MOORE
RADIO MULTI MEDIA INC
1236 S REDONDO BLVD
LOS ANGELES CA 90019-1546

**ELECTRONIC FUND TRANSFER (EFT) NUMBER**
ID#:10 4101 007 040 6 YEAR:13 SEQUENCE:000 5
PIN: GCF5UE

For American Express, Mastercard and Visa payments call 1(888) 473-0835 and have available the EFT number listed above. Service fees will be charged.

**SPECIAL INFORMATION**

**PROPERTY LOCATION AND/OR PROPERTY DESCRIPTION**
6150 SHENANDOAH AVE          LOS ANGELE

TRACT # 24252     LOT  141

**ASSESSOR'S REGIONAL OFFICE**

REGION #09 INDEX:
WEST DISTRICT OFFICE
6120 BRISTOL PARKWAY
CULVER CITY CA 90230
(310)665-5300

ACCT. NO.: 572 PRINT NO.: 40292 BILL ID.:IB

TRA:04625

ANY RETURNED PAYMENT MAY BE SUBJECT TO A FEE UP TO $50.00.

## DETAIL OF TAXES DUE FOR  ASSESSOR'S ID. NO.  CK
### 4101 007 040 13 000  75

| AGENCY | AGENCY PHONE NO. | RATE | AMOUNT |
|---|---|---|---|
| GENERAL TAX LEVY | | | |
| ALL AGENCIES | | 1.000000 | $ 8,435.40 |
| VOTED INDEBTEDNESS | | | |
| METRO WATER DIST | | .003500 | 29.52 |
| COMMTY COLLEGE | | .017498 | 147.60 |
| UNIFIED SCHOOLS | | .156141 | 1,317.11 |
| | | | |
| DIRECT ASSESSMENTS | | | |
| SOLID WASTE FEE | (626) 458-3564 | | $ 3.51 |
| FLOOD CONTROL | (626) 458-5165 | | 53.49 |
| LA COUNTY ST LT | (626) 300-4770 | | 5.00 |
| MESA HTS GARBAGE | (800) 404-4487 | | 225.00 |
| COUNTY PARK DIST | (213) 738-2983 | | 23.99 |
| CONSOLIDATED SEWER | (626) 300-3340 | | 47.50 |
| COUNTY LIBRARY | (562) 940-6854 | | 29.18 |
| TRAUMA/EMERG SRV | (866) 807-6864 | | 24.00 |
| WG MND STDBY CHG | (866) 807-6864 | | 160.65 |
| LA CO FIRE DEPT | (323) 881-6151 | | 62.26 |
| CNTY SAN DIST #5 | (855) 140-9506 | | 136.00 |
| LA WEST MOSQ | (310) 915-7370 | | 5.95 |

## VALUATION INFORMATION

ROLL YEAR 13-14

| | CURRENT ASSESSED VALUE | TAXABLE VALUE |
|---|---|---|
| LAND | 505,920 | 505,920 |
| IMPROVEMENTS | 337,620 | 337,620 |
| | | |
| TOTAL | 843,540 | 843,540 |
| LESS EXEMPTION: | | |
| NET TAXABLE VALUE | | 843,540 |

## TOTAL TAXES DUE          $10,706.16
**FIRST INSTALLMENT TAXES**          DUE NOV. 1, 2013          **$5,353.09**
**SECOND INSTALLMENT TAXES DUE FEB. 1, 2014**          **$5,353.07**

2013

EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | DEPT. 40 |
|---|---|
| DATE: 02/01/13 | |
| HONORABLE MICHELLE R. ROSENBLATT   JUDGE | J. LIPP   DEPUTY CLERK |
| HONORABLE                   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| H. CARRILLO (CA)   Deputy Sheriff | C. Trigg 11955   Reporter |

| #8:31 am BC464111 | Plaintiff Counsel | in pro per(x) |
|---|---|---|
| IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG ET AL | Defendant Counsel | T. Reed(x) L. Coe(x) |
| R/T   BC480013, BC48365 consol. w/ BC475551 | | |

NATURE OF PROCEEDINGS:

DEFENDANTS'S (KIMBERLY MARTIN-BRAGG and LORIA GLASGOW) MOTION TO DISMISS CONSOLIDATED ACTIONS AND VOID FRAUDULENT DEEDS;

DEFENDANT'S (JPMORGAN CHASE BANK, N.A.) JOINDER TO MOTION TO DISMISS CONSOLIDATED ACTIONS AND VOID FRAUDULENT DEEDS;

The matter is called for hearing.

The Court indicates tentative rulings.  The Court hears argument.

Court rules as follows:  The exparte application that was trailed to today which alleged inadequate notice of today's motion to dismiss is denied. Notice is deemed adequate.

Motion to Dismiss BC464111 is granted.  The request to void fraudulent deeds is denied.

Court notes that case BC464111 contains a related case:  BC475551.  Certain causes of action in BC475551 shall remain and the Court shall use case number BC464111.  Counsel is to file a detailed order and or Judgment which specifically spells out which causes of action shall remain.

Exparte application for stay pending appeal of

MINUTES ENTERED
02/01/13
COUNTY CLERK

EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/01/13

HONORABLE MICHELLE R. ROSENBLATT    JUDGE

HONORABLE                           JUDGE PRO TEM

          H. CARRILLO (CA)    Deputy Sheriff

DEPT. 40

J. LIPP          DEPUTY CLERK

                 ELECTRONIC RECORDING MONITOR

C. Trigg 11955         Reporter

#8:31 am  BC464111

IVAN RENE MOORE
VS
KIMBERLY MARTIN-BRAGG ET AL

        R/T   BC480013, BC48365
consol. w/ BC475551

Plaintiff
Counsel    in pro per(x)

Defendant
Counsel
           T. Reed(x)
           L. Coe(x)

NATURE OF PROCEEDINGS:

vexatious litigant order is denied.

Page   2 of   2   DEPT. 40

MINUTES ENTERED
02/01/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT. 15

02/22/12

RABLE Richard Fruin

JUDGE J. Lipp

DEPUTY CLERK

JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

RABLE

Deputy Sheriff J. McCaskill

Reporter

:30 am BC459449

KIMBERLY MARTIN-BRAGG
VS
IVAN RENE MOORE

Plaintiff
Counsel R. Fritsche (x)

Defendant
Counsel in pro per (x)

NATURE OF PROCEEDINGS:

EX PARTE PROCEEDING

Matter is called for hearing.

Ex parte is granted. Plaintiff shall allow Mr.
Moore access to the property on 2/27/12, from
1:00 p.m. to 4:00 p.m. for removal of his personal
belongings.

Parties may document removal if desired.

MDR 12058-0092

DEP CHRIS JONES

Page 1 of 1 DEPT. 15

MINUTES ENTERED
02/22/12
COUNTY CLERK

EXHIBIT E

1   **IVAN RENE MOORE**
    1236 Redondo Boulevard
2   Los Angeles, California 90019

3   310 410-0964
4   323 932-9439 fax

5   Plaintiff in Pro Per

6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **COUNTY OF LOS ANGELES  CENTRAL DISTRICT**

10

11  IVAN RENE MOORE, an individual,      )   **CASE NO. : BC 480 013**
                        Plaintiff,       )
12  vs.                                  )   **ORDER**
                                         )
13  KIMBERLY MARTIN-BRAGG,               )   **DATE:    August 20,  2012**
    Et al.                        .      )   **TIME:    8:30 A.M.**
14                                       )   **PLACE:   Department 85**
                                         )   **HON.:    JAMES L. CHALFANT**
15  _____     )

16

17                          <u>**ORDER**</u>

18

19       This Court having read the Ex-Parte Application and having heard oral argument from

20  both parties, the Court found that since Defendant refuses to sign the Release for Plaintiff to

21  retrieve his properties,  the Court now deems Defendant to have possession of Plaintiff Ivan Rene

22  Moore's properties and deems Defendant to have signed the Release of Plaintiff's' properties that

23  Defendant stored in the POD  located at **220 East Stanley Street Compton California 90220**

24  **under account number 19358567 under the name of Kimberley Martin Bragg.**

25

26       Therefore, this Court hereby grants the Ex-parte Application as requested by Plaintiff and

27  orders that once Plaintiff pays the outstanding storage fees to the POD Company, in cash or

28

    IDOCS                    EXHIBIT F
                         **EX-PARTE APPLICATION**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 4 2012

John A. Clarke, Executive Officer/Clerk

1   certified funds, the POD Company ~~shall~~ MAY immediately grant Plaintiff access to said POD, allow it

2   to be opened, and release forthwith all Plaintiff's properties stored in the POD to the Plaintiff and

3   or his representative(s) and or agent(s) and Plaintiff take possession forthwith.

4

5   It Is So Ordered:     7/24/12

6

7   **JAMES C. CHALFANT**

    **Judge of the Superior Court**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In accordance with the verdict of the jury, the Court renders judgment for Plaintiff IVAN RENE MOORE against KIMBERLY MARTIN-BRAGG on the causes of action for trespass to chattel and conversion and for Defendant KIMBERLY MARTIN-BRAGG on the Civil Code section 1965 cause of action. The Court awards judgment to Plaintiff IVAN RENE MOORE against Defendant KIMBERLY MARTIN-BRAGG in the sum of three million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon together with costs in the amount of $_____.

The jury recommends that Plaintiff IVAN RENE MOORE is entitled to the return of personal property specifically identified, to wit, clothing, shoes, kitchen equipment, personal property, piano, SSLK console, Masters, '71 Camaro, personal legal documents and recommends a reduction of the verdict to six hundred fifty thousand dollars ($650,000) should the property be returned.

The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted.

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with the evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN-BRAGG is ordered to have the property returned to IVAN RENE MOORE.

EXHIBIT G
5

Additionally, if the items, or any of them, are not returned, IVAN RENE MOORE may seek enforcement of the judgment for possession of personal property in accordance with Code of Civil Procedure sections 714.010 et seq. The Court will make such further orders as is necessary to effectuate the enforcement of the judgment, including an order for removal of the SSLK Console from 6150 Shenandoah Avenue as it requires professional disassembly.

The Court will reduce the judgment in an amount to be determined by this Court up to $650,000 should Plaintiff receive the return of his property. If KIMBERLY MARTIN-BRAGG returns only a portion of the property or the property is damaged to the extent that it is unusable, Plaintiff may apply to the Court by way of noticed motion for a further Order regarding an offset consistent with the evidence presented at trial and with this judgment.

This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property. However, the judgment is enforceable.

Dated: November 8, 2013

**MICHELLE R. ROSENBLATT**

Michelle R. Rosenblatt, Judge

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the Civil Code section 1965 cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Was the property owned, possessed or which Ivan Rene Moore had the right to possess in 6150 Shenandoah at the time Ivan Rene Moore vacated the premises? YES

3. Did Ivan Rene Moore request from Kimberly Martin-Bragg or her attorney, in writing, within 18 days of vacating 6150 Shenandoah Avenue, the surrender of the personal property?  YES

4. Did the written request include a description of the personal property and specify a mailing address of Ivan Rene Moore?  NO

4

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the trespass to chattel cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally interfere with Ivan Rene Moore's use or possession of any of Ivan Rene Moore's property or damage his property?   YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property: $2.5 million ($2,500,000.00)

3

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NOV 08 2013

Sherri R. Carter, Executive Officer/Clerk

By Jeff W. Lipp, Deputy

|  |  |
|---|---|
| IVAN RENE MOORE,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY MARTIN-BRAGG<br>Defendant. | ) Case No. BC480013<br>)<br>)<br>)  Interlocutory<br>)  Judgment<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This action came on regularly for trial on July 15, 2013, in Department 40 of the Los Angeles Superior Court, the Honorable Michelle R. Rosenblatt, Judge presiding. Plaintiff IVAN RENE MOORE appeared *in propria persona* and Defendant KIMBERLY MARTIN-BRAGG appeared by attorney Thomasina M.Reed, Esq.

On October 19, 2012, the Court had granted a motion to consolidate BC480013 with BC483652. On July 15, 2013, at the request of Plaintiff, and with no objection from Defendant Martin-Bragg the Court bifurcated the causes of action for trespass to chattel, conversion of personal property, and Civil Code section 1965 from the remaining causes of action in BC483652 and the trial was heard as to those causes of action alone.

A jury of 12 persons was regularly impaneled and sworn.  Witnesses were sworn and testified.  The Court granted Plaintiff's request to amend the complaint to conform to proof to add a prayer for the return of the personal property.  After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury, with directions to return each special verdict and to include a recommendation (advisory verdict) to the Court whether the property should be returned and if so, the jury's recommendation as to the reduction in damages to be awarded.  The

1

jury was instructed to complete the verdicts on the trespass to chattel and on the conversion but that the damages award is in the alternative.

On the conversion cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

   (a) Clothing, shoes, kitchen equipment, and other personal property? YES

   (b) Piano:   YES

   (c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

   (d) Recording Console SSLK? YES

   (e) Music, Sound and Recording Equipment?  YES

   (f) Musical Instruments? YES

   (g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

   (h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally and substantially interfere with any of Ivan Rene Moore's property by taking possession of/preventing Ivan Rene Moore from having access to, or destroying, or refusing to return any of items to which you checked "yes" in question 1 after Ivan Rene Moore demanded its return? YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

   a. For fair market value of the property:  $2.5 million ($2,500,000.00)

   b. For lost profits:                       $650,000

   Total:                                     $3,150,000



Cited
As of: November 5, 2013 6:26 PM EST

# Martin-Bragg v. Moore

Court of Appeal of California, Second Appellate District, Division One
August 1, 2013, Opinion Filed
B238772

**Reporter:** 219 Cal. App. 4th 367; 161 Cal. Rptr. 3d 471; 2013 Cal. App. LEXIS 704

KIMBERLY MARTIN-BRAGG, Plaintiff and Respondent, v. IVAN RENE MOORE, Defendant and Appellant.

**Subsequent History:** [***1] The Publication Status of this Document has been Changed by the Court from Unpublished to Published September 3, 2013.

**Prior History:** APPEAL from a judgment of the Superior Court of Los Angeles County, No. BC459449, Richard L. Fruin, Jr., Judge.

**Disposition:** Reversed.

| Core Terms |
| --- |

unlawful detainer, unlawful detainer proceeding, trial court, consolidate, rend, title to property, discovery, summary procedure, ownership, unlawful detainer action, detainer, complex issue, superior court, deed, escrow, tenant, summary proceeding, possessory right, rental agreement, quiet title, signature, expedite, quiet title action, straightforward, notice, music, unlimited, landlord, mortgage, purport

| Case Summary |
| --- |

## Procedural Posture
Defendant occupant appealed a judgment from the Superior Court of Los Angeles County (California), which, following trial on an unlawful detainer complaint brought under *Code Civ. Proc., §§ 86, subd. (a)(4), 1161*, awarded plaintiff claimant possession of the disputed property, along with rent and damages.

## Overview
There was no copy of a written rental agreement attached to the complaint under *Code Civ. Proc., § 1166, subd. (d)(1)*. The trial court refused the occupant's request to consolidate the unlawful detainer case with a pending quiet title action in which the occupant alleged that the claimant's title to the property was held in trust for the occupant's benefit. The occupant presented evidence that the property had long been in his family, that he had used it as security for loans made to his business, and that the person who had transferred title to the claimant had received no payment. The court held that the superior court had erred by trying complex issues of title using the summary procedures for determination of a landlord's right to possession in straightforward unlawful detainer proceedings. The occupant needed time for discovery and preparation with respect to issues regarding the parties' rights to beneficial title. He had not been afforded enough opportunity for such discovery and preparation, which implicated his due process rights, because of the time constraints of unlawful detainer proceedings as set forth in *Code Civ. Proc., §§ 1167, 1179a, 2024.040, subd. (b)(1)*.

## Outcome
The court reversed and remanded with directions to determine the parties' rights to legal and beneficial title to the property and to rule on their respective rights to possession based on

EXHIBIT H

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ALLEN R. KING   Bar No. 94024<br>4201 Wilshire Blvd.  Suite 207<br>Los Angeles, California  90010<br><br>TELEPHONE NO.: (323) 933-9351   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: KIMBERLY MARTIN-BRAGG | **RECEIVED**<br>NOV 19 2013<br>ROOM 102<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**NOV 19 2013**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Alison L. Alba |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: CENTRAL DISTRICT - LOS ANGELES COURTHOUSE

PLAINTIFF/PETITIONER: KIMBERLY MARTIN-BRAGG

DEFENDANT/RESPONDENT: IVAN RENE MOORE

| **REQUEST FOR DISMISSAL** | CASE NUMBER: |
|---|---|
| [ ] Personal Injury, Property Damage, or Wrongful Death<br>   [ ] Motor Vehicle   [ ] Other<br>[ ] Family Law   [ ] Eminent Domain<br>[X] Other *(specify)* : UNLAWFUL DETAINER | BC459449   D-51 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice   (2) [X] Without prejudice
   b. (1) [ ] Complaint   (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name)*:                          on *(date)*:
   (4) [ ] Cross-complaint filed by *(name)*:                          on *(date)*:
   (5) [X] Entire action of all parties and all causes of action
   (6) [ ] Other *(specify)*: *

2. *(Complete in all cases except family law cases.)*
   [X] Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: 11/15/2013

.............ALLEN R. KING...............                    ▶ _____(SIGNATURE)_____
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
* If dismissal requested is of specified parties only of specified causes of action    Attorney or party without attorney for:
only, or of specified cross-complaints only, so state and identify the parties,         [X] Plaintiff/Petitioner    [ ] Defendant/Respondent
causes of action, or cross-complaints to be dismissed.                                  [ ] Cross-complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

_____                    ▶ _____(SIGNATURE)_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
**If a cross-complaint - or Response (Family Law) seeking affirmative    Attorney or party without attorney for:
relief - is on file, the attorney for cross-complainant (respondent) must    [ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
sign this consent if required by Code of Civil Procedure section 581 (i)    [ ] Cross-complainant
or (j).

*(To be completed by clerk)* -
4. [X] Dismissal entered as requested on *(date)*: NOV 19 2013
5. [ ] Dismissal entered on *(date)*:                          as to only *(name)*:
6. [ ] Dismissal not entered as requested for the following reasons *(specify)*:

   a. [ ] Attorney or party without attorney notified on *(date)*:
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide.
       [ ] a copy to conformed [ ] means to return conformed copy

   Date: NOV 19 2013                    Clerk, by _____, Deputy

A. L. ALBA

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]                    **REQUEST FOR DISMISSAL**                    Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
Page 1 of 1

EXHIBIT I

CIV-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: KIMBERLY MARTIN-BRAGG | CASE NUMBER: |
| DEFENDANT/RESPONDENT: IVAN RENE MOORE | BC459449 |

## Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):* IVAN RENE MOORE

2. The person in item 1 *(check one):*
   a. ☒ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 11/15/2013

ALLEN R. KING

(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ *(SIGNATURE)*

## DECLARATION OF MAILING

1. I am employed in, or a resident of, the county in which this mailing occurred, and not a party to this legal action. At the time of mailing, I was at least 18 years of age.

2. My business or residence address and telephone number are as follows:

| ADDRESS | TELEPHONE NUMBER |
|---|---|
| 4201 Wilshire Blvd. Suite 207 | ( 323 ) 933-9351 |

| CITY, STATE, ZIP CODE |
|---|
| Los Angeles, California 90010 |

3. I served this *Request for Dismissal*, as follows:

☒ I placed true copies in envelopes addressed as shown below and sealed and deposited them, with first-class, prepaid postage, in the United States mail as shown below.

☐ I am readily familiar with my firm's or other business' practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service that same day. I placed true copies of the above-entitled document in envelopes addressed as shown below and sealed and placed them for collection and mailing on the date stated below, following ordinary business practices. *NOTE: Service made pursuant to this paragraph will, on motion of the party served, be presumed invalid if the postal cancellation or meter date is more than one day after the date of deposit for mailing stated in this declaration. (C.C.P.  assistant (Bus. and Prof. Code §1013a, subd. (3).)*

| DATE MAILED/DEPOSITED | PLACE OF MAILING/DEPOSIT (City and State) |
|---|---|
| 11 - 19 - 13 | Los Angeles, California |

4. Envelopes addressed as follows:

IVAN RENE MOORE, *1236 Redondo Blvd.*  Los Angeles, California 90056

| *I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.* | | |
|---|---|---|
| DATE | TYPE OR PRINT DECLARANT'S NAME | DECLARANT'S SIGNATURE |
| 11-19-13 | ALLEN R. KING | ▶ |



EXHIBIT J

## DECLARATIONS OF REPRESENTATIVE GEORGE HORTON OF SOLID STATE LOGIC

I, George Horton, declare as follows:

1. I am a representative of the company, Solid State Logic (SSL), my position is Vice President, Western Region.

2. In my capacity as the Vice President of SSL, I have personal knowledge of the facts relating to an item of equipment loaned to Rene Moore.

3. The item in question is an SSL XRack Serial number XRK 1583 (SSL XRack)

4. To date SSL have not had this item returned to us.

5. I understand there is a hearing in Department 40 at the Los Angeles Superior Court on Thursday morning February 27th 2013 regarding the SSL XRack.

6. I have tried to contact Ms. Bragg's attorney and up to this point I have had no response following my initial contact.  SSL wish to get our SSL XRack returned as it was a loan in good faith to Rene Moore.  Ms. Bragg has no ownership interest or ownership rights in the SSL XRack.

7. Based on the request of Mr. Moore the SSL XRack was lent to Ivan Rene Moore and delivered to 6150 Shenandoah Ave Los Angeles California 90056 on a trial agreement basis.

8. SSL is the rightful owner of this SSL XRack as detailed in the signed Loan agreement with Mr. Moore dated the 16th January 2011.

9. SSL does not own the 80 channel SSL Recording Console 9000 XL K series S/N 91448 (9000K XL). We have never made that statement.

10. SSL understands that Mr. Moore bought the 9000K XL from a third party vendor.

11. SSL is the original manufacturer of the 9000K XL. SSL do not own or have title to the 9000K XL.

12. My direct contact details if required are: Tel: 213 249 9229 extn 15

13. SSL respectfully request this court to order the return of the SSL XRack to SSL forthwith.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct executed in Los Angeles California.
Dated:  February 26th, 2013.

George Horton
Vice President, Western Region
Solid State Logic, Inc.

---

GEORGE HORTON DECLARATION

EXHIBIT K