IVAN RENE MOORE
1236 South Redondo Blvd
Los Angeles, CA 90019

Rene Moore., Pro. se

FILED

JAN 2 2 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**Kimberly Martin-Bragg,**<br>                              Debtor<br>_____<br><br>**IVAN RENE MOORE,**<br><br>                     Creditor,<br><br>_____ | )  **Chapter 11**<br>)<br>)  **Case No.: 2:14-bk-15698-ER**<br>)<br>)  **CREDITOR MOORE FILES HIS**<br>)  **OBJECTIONS TO DEBTOR'S BRAGG'S**<br>)  **REQUEST FOR  CONTINUANCE TO**<br>)  **FILE A PLAN AND DISCLOSURE**<br>)  **STATEMENT THAT WAS ORDERED BY**<br>)  **THE COURT ON SEPTEMBER 25TH 2014**<br>)<br>)  **Hearing:  February 3rd 2015**<br>)<br>)  **Time: 10:00 a.m.**<br>)  **Courtroom 1568**<br>    **Judge: Ernest Robles** |

**ORIGINAL**

**TO THE HONORABLE COURT JUDGE ERNEST ROBLES PRESIDING:**

Ivan Rene Moore the largest unsecured creditor in this action hereby strenuously objects to the request of the debtor **Kimberly Martin-Bragg's** to continue the dates set by this Honorable Court to filed and serve the debtor **Kimberly Martin-Bragg's** plan and disclosure statement for reorganization.

This Honorable Court gave this debtor from September 25th 2014 to January 16th 2015 to filed and serve the debtors plan and disclosure statement to this debtor's Bragg's ill-fated Chapter 11 bankruptcy filing.

This creditor objected to these attorneys being hired for various reasons including lack of judgment to emotionally involved in the case to give proper legal advice and inability to follow the rules of Bankruptcy Court. Now this Honorable Court can see for itself the ineffectiveness of these attorneys to follow this Court's order.

These attorneys should have submitted and present to this Court, some documentation either the single plan or a single disclosure statement to show that the attorneys and the Debtor Bragg was trying to comply with this Court's order. They presented absolutely nothing which is conclusive proof which shows their totally disrespect for this process and this Honorable Courts order.

This Honorable Court gave this debtor Bragg over **113 days almost 4 months,** this debtor Bragg presented nothing and waited until less than 8 days before the **plan and disclosure statement was due to file the frivolous unsubstantiated request for an extension until June 2015.**

This Debtor Bragg is claiming that she could not help her attorneys with the Courts ordered plan and disclosure statement because of her health. The Debtor Bragg also stated the Shenandoah properties which this Debtor does not own or have any rights that would be helpful to a Plan and Disclosure Statement. This is factual or truthful.

This is a consistence pattern of deceit and dishonesty by this debtor Bragg to hinder, obstruct and delay the process. This debtor's conduct is willful and calculated to drag and extend this fraudulent bankruptcy filing in order to wrongfully convert take, hypothecate and dispose of **over $10,000,000** of others personal property that is still in this debtor's possession and control. Also this debtor Bragg has failed to list in her bankruptcy petition or account on her bankruptcy petition these very valuable assets.

1  This debtor has failed to account for and list the property in her possession and control in

2  her bankruptcy schedules. This Debtor has simply has failed to comply with this Courts orders as

3  well as State Court orders and the rules of all Courts and therefore this case should be

4  **DISMISSED** forthwith, per this Court order dated September 25th 2014.

5

6

7  This Honorable Court stated in its order that if the debtor Kimberly **Martin-Bragg's did**

8  **not file and serve plan and disclosure statement** this Court on its own motion may either covert

9  and or dismiss this action. This Court should in fact **DISMISS** this ill-fated Chapter 11

10  Bankruptcy filing for what it is FRAUD and for an improper purpose.

11

12

13  **THIS DEBTOR BRAGG HAS NOT SUBMITTED ANY DOCTORS NOTARIZED**

14  **AFFIDAVIT REGARDING HER MEDICAL STATUS OF INABILITY TO ASSIST HER**

15  **ATTOREYS WITH THE PLAN AND DISCLOSURE STATEMENT**

16

17

18  The debtor in this action has not submitted any neutral third party doctor's notarized

19  affidavit stating that this debtor Bragg was so incapacitated to the point that the debtor could not

20  assist her attorney in a **113 day** period to comply with this Courts order. This was not done

21  because it is not factual or truthful.

22  This Creditor Moore has personally seen this debtor during these relevant times at various

23  home repair outlets **Habitat for Humanity/ Home Depo** buying home repair items driving around

24  the city putting gas in her car, with no restriction what so ever.

25

26

27

28

---

No matter what happen in trial this debtor has millions of dollars of debt and liens on the

6160 Shenandoah property owned by Moore. And the 6150 Shenandoah property is in the name of

Ronald Hills not the debtor Bragg, therefore there is **no** likelihood of these properties to be helpful

in a plan and disclosure statement, it is impossible and again untrue.

## THE DEBTORS KIMBERLY MARTIN-BRAGG'S ONGOING FRAUDULENT

## BEHAVIOR

This court should be aware that this debtor and her attorney have been trying to get a

State Court default on the very corporations this Debtor Bragg claims she owns. Rene Moore

Music, Rufftown Entertainment Group, and Radio Multi Media in some scheme to try to own the

corporations after the jury did not accept or agree with her argument that this debtor Bragg owned

the various corporations, **(See request for default Exhibits A).**

This Debtor Bragg is effectively violating the automatic stay in this debtor's very own

Bankruptcy. This should show this Court the absurdity of this debtor Bragg's and this unlawful

nature of this bankruptcy filing.

This debtor also has a new catering company that she is now hiding and diverting income

thru and failing to list the income on her bankruptcy schedules as required and in violation of the

bankruptcy Court laws and rules.

This debtor has also in the month of November  rented thru her husband's name the 6150

Shenandoah Ave property for a Movie location shoot and again failed to list the income derived

from the Moore/Hills property again as required and  again in violations of the bankruptcy rules.

6. The pending litigation for fraud Moore v Bragg BC 464111, 10 million dollars in damages again tort actions.

7. The pending litigation BC 483562 a Marvin v Marvin case request $8,000. Per month in support to Moore plus $20, 000,000. in damages plus other relief sought again tort actions.

8. There is $7,546,000.00 Million dollars Wells Fargo judgment against Rufftown ENT Group, Rene Moore Music and Radio Multi Media corporations which this Debtor Bragg claims she owns and this debtor has again failed to list any of the debt on her schedules. (See Exhibit (D) Debtors BK petition)

9. Rene Music Inc. which this Debtor Bragg also claims she owns federal protected songwriter's payments that are due and investments repayments that are due, stocks options and deferred employees' salaries that were subrogated to other bank debt in excess of $40,000,000 .

10. Radio Multi Media which this debtor Bragg claims she owns has a $435,000, judgment plus the Well Fargo Judgment. There is also a $245,000., legal fee judgment against this corporation which this Debtor Bragg failed to list on her schedules.

11. There is also a $53,271.13. Fees and cost award from the California Court of Appeal case no B238772 that is against this debtor Bragg. Again this debtor Bragg failed to lists in the Bankruptcy schedules. And there are many more.

With just these few items there is absolutely no way this debtor can effectively submit a plan for reorganization on an income of less than **$48,000** per year after taxes and now that she is retired this debtor's income is much less.

The daily interest on the Moore judgment is around **$1,478.32** per day which equates to **$44,349.60** per month and again this judgment is for conversion and trespass to Chattel also non dischargeable debt.

There is also an adversary proceeding against Bragg for fraud, embezzling and other nefarious conduct of this debtor Bragg.

There will also be an unlawful detainer action against Bragg and her husband and others for the wrongful possession of the 6150 Shenandoah property the unpaid balance against this debtor at **$19,437.67** per month since **February 12th 2012** the balance is now over **$699,756.12 plus loss of income.**

There will also be various claims from other individuals and entities for the wrongful conversion and impermissible taking against this debtor Bragg. There will also be an unlawful detainer action against Bragg for the wrongful possession of the 6160 Shenandoah property and damages. There is also some more equipment wrongfully taken by debtor Bragg that belongs to Solid State Logic Inc., which this Debtor willfully failed to return.

## DEBTORS BRAGG IS INCORRECT REGARDING STATE COURT MOTION FOR NEW TRIAL AND APPEAL

The Debtors Bragg and her attorney are trying to mislead this Court. The right for a Motion for new trial and Appeal has long since passed the code section that governs that issue regarding Motion for new trial is **CCP 661:** provides that the **60 day** decisional time limit imposed by **CCP 660** is jurisdictional. **(See Erikson v. Weiner (App 3 Dis 1996) 56 Cal. Rptr.2d 758, 77 Cal App 4th 1663, review denied; Dodge v. Superior Court.**

If the motion for new trial is not ruled upon within the **60 day** jurisdictional time limited, **it is denied. This is black letter law.**

As it relates to Bragg filing an appeal in the case **Moore v .Bragg  BC 480 013**, any first year law student is aware **60 days** after written notice from the clerk is the jurisdictional deadline to file an appeal and it cannot be extended.

Therefore the defendant Bragg in **BC 480 013** is precluded from filing an appeal in this action because appeal deadline has long since passed and time for motions for new trial again has also long since passed.

The court may not extend the time to file an appeal **(See Cal. Rules of Court rule 8.104(b).)**   Accordingly the appeal time has long since passed served on **September 3rd 2013** and **November 8th 2013**.

On **September 3rd 2013 and November 8th 2013**, the notice and Judgment was sent by the Clerk of the Court notwithstanding there was a full hearing on that date, where Bragg and her attorney Reed, filed an ex-parte application and motion to stay collection of judgment in case **Moore v Bragg BC 480 013** in which Bragg/Reed request for a stay of executions of the judgment which was denied in full by the Court. A writ was issued Judge Rosenblatt presided over the hearings.**) (See Exhibit (E) request for stay)**

If the Debtor Bragg was dissatisfied with the court's rulings and orders she had the lawful right and obligation to file a Writ of Mandate and or an Appeal neither scenario ever happened. Subsequently, those horses has left the barn and the time has expired.

In Fact this Debtor Bragg is using this Bankruptcy for her Court of appeal and to stay enforcement of the judgment because the time for Appeal and motion for new trial has long since passed.

## UNSECURED LARGEST CREDITOR RECOMMENDATION TO THE COURT

The largest Creditor respectfully submits, this Court should dismiss this Chapter 11 filing per its order dates September 25th 2014 based on the presented facts, and for noncompliance of this Courts order dated September 25th 2013.

This creditor has a motion to dismiss this bankruptcy ready to be filed. This creditor was waiting for the date of the hearing of the plan and disclosure statement for this debtor so this Honorable court could hear both issues on the same day as a matter of courtesy to this Honorable Court.

This creditor has also requested live testimony from other creditors and witnesses including this Creditor and other Creditor's regarding the dismissal of the unlawful bankruptcy filing.

### CONCLUSION

**Based on the foregoing t**his Creditor Ivan Rene Moore respectfully requests that this Court **Dismiss this action forthwith as stated in this Court order September 25th 2014 order.**

Or as an alternative this debtor Kimberly Martin-Bragg should be ordered to file and serve the plan and disclosure statement no later than February 25th 2015 or face immediate dismissal and the creditor Moore will file and serve this Creditor's Motions to Dismiss this bankruptcy on that same day.

This Honorable Court should preset a date to have a hearing on the plan and disclosure statement and this Largest Creditor's Motion To dismiss the Debtor's Bragg Chapter 11 Bankruptcy filing on March 25$^{h}$ 2015.

This case and issues will be completely resolved in this action for once and for all and this court will issue a dispositive ruling which would completely resolve this Chapter 11 Bankruptcy filling.

January 19th 2015


Respectfully Submitted:


Ivan Rene Moore
Largest unsecured Creditor

## DECLARATION OF IVAN RENE MOORE

## IN OBJECTION TO DEBTOR BRAGG'S REQUEST FOR CONTINUANCE TO FILE

## DEBTORS PLAN AND DISCLOSURE STATEMENT

I, Ivan Rene Moore, declare as follows: I am the largest Creditor in Chapter (11) Bankruptcy Case and I have personal knowledge of the facts set forth herein, and if called to testify, would and could testify competently.

1. I have personally seen this Debtor Bragg at  during these relevant times  from September 2014 thru December 28th 2014 at various home repair outlets **Habitat for Humanity/ Home Depo** buying home repair items driving around the city and putting gas in her car, with no restriction what so ever.

2. The Debtor did have her arm in a sling, she often used this very same sling when she was faking to get out of work at the LAPD, this was her pattern over the 10 years period that this creditor knew this debtor Bragg. (LAPD Light Duty Assignment). This Debtor Bragg is an expert at medical deceit to avoid her responsibility.

3. Defendant Bragg has no absolutely no ownership rights to or interest in the 6150 Shenandoah Property which is in the name of Ronald Hills, this Debtor also tried to have the State Court void the Hills Deed which was summarily denied by that Court.

4. Defendant Bragg has no absolutely no ownership rights and or interests in the Moore family various corporations.

5. I personally have a lien of Four Million dollars or more on the 6160 Shenandoah Property and 50% to 75% ownership interest in the 6160 Shenandoah property. The Moore family Corporations owns the rest.

---

6. **Rene Moore Music Inc.** stock was and is with the Wachovia/ Wells Fargo Bank and has been since November 2007 and was with Apollo trust in 2001 and other various lending intuitions prior to ever meeting defendant Bragg. these corporations do not belong to Bragg.

7. **Radio Multi Media Inc.,** stock was and is with the Wachovia/ Wells Fargo Bank and has been since November 2007 and other various lending intuitions prior to ever meeting defendant Bragg.

8. **Rufftown Entertainment Group Inc.,** stock was and is with the Wachovia/ Wells Fargo Bank and has been since November 2007 and was with Apollo trust in 2001 and other various lending intuitions prior to ever meeting defendant Bragg.

9. The stock of these various corporations was **never** transferred to Defendant Bragg and she has absolutely no rights to the various Corporations what so ever.

10. There were never corporate resolutions regarding any transfer of stocks of any kind to defendant Bragg, Mr. Hills testified that he had never signed any document transferring stock to Bragg and all stock certifies had to be signed by the secretary of the corporations which is Mr. Hills

11. Also based on the bylaw of the various corporations the transfer of stock **MUST BE** signed and authorized by the secretary of the Corporations with a corporate resolutions and corporate stamp which was not or ever done.

12. I also received from the Debtor Bragg a State Court request for default on the very same Corporations she claims she owns. These defaults were denied by the Clerk of the Los Angeles Superior Court.

//

/

1        I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.  Executed at Los Angeles, California on January 19th 2015

3

4    _____

5    **Ivan Rene Moore**

6    **Largest Creditor in Pro per**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1236 Redondo Blvd Los Angeles California 90019

A true and correct copy of the foregoing document entitled (*specify*): CREDITOR MOORE FILES HIS OBJECTIONS
OBJECTIONS TO DEBTOR'S BRAGG'S REQUEST FOR  CONTINUANCE TO  FILE A PLAN AND DISCLOSURE
STATEMENT THAT WAS ORDERED BY THE COURT ON SEPTEMBER 25TH 2014

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___01/19/2015_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/19/2015 | Rene Moore | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

**Secured Creditors**

Chase
PO Box 78420
Phoenix, AZ 85062-8420
*See Below*

Great West Retirement Services
PO Box 173764
Denver CO 80217

Wells Fargo Bank
PO Box 25341
Santa Ana, CA 92799-5341
*See Below*

**20 Largest Creditors**

Chase
PO Box 78420
Phoenix, AZ 85062-8420

Chase
PO Box 15123
Wilmington, DE 19850-5123

Citibank
PO Box 6004
Sioux Falls, SD 57117-6004

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles, CA 90019

Law Offices of Thomasina Reed
5777 West Century Boulevard
Los Angeles, CA 90045

Los Angeles Police Credit Union
16150 Sherman Way
Van Nuys, CA 91410

Stone Busailah, LLP
Attn: Michael Williamson, Esq.
200 East Del Mar Boulevard
Pasadena, CA 91105

Strategic Acquisitions, Inc., et al
c/o Lane Nussbaum
West Coast Law, APC
27489 Agoura Rd., Ste 102
Agoura Hills, CA 91301

Wells Fargo Bank
PO Box 25341
Santa Ana, CA 92799-5341

**Andrew Goodman**
**16000 VenturaBlvd Suite 1000**
**Encino, California 91436**

**United States Trustee**
**Peter C. Anderson**
**915 Wilshire Blvd Suite 1850**
**Los Angeles, California 90017**

**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles Calif 90019**

**United States Trustee Counsel**
**Queenie Ng**
**915 Wilshire Blvd Suite 1850**
**Los Angeles, California 90017**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1/72

F 9013-3.1.PROOF SERVICE

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THOMASINA M. REED 67241<br>LAW OFFICES OF THOMASINA M. REED<br>5777 W. Century Blvd., Suite 1125<br>Los Angeles, California 90045<br>TELEPHONE NO.: (310) 215-3215   FAX NO.(Optional): (310) 215-0858<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): KIMBERLY MARTIN-BRAGG | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: Same
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: IVAN RENE MOORE

DEFENDANT/RESPONDENT: KIMBERLY MARTIN-BRAGG, dt al.

| REQUEST FOR<br>(Application) | [X] Entry of Default   [ ] Clerk's Judgment<br>[ ] Court Judgment | CASE NUMBER:<br>BC 464111 c/w BC 475551 |
|---|---|---|

1. TO THE CLERK: On the ~~complaint~~ or cross-complaint filed
   a. on (date): 2/21/2013
   b. by (name): KIMBERLY MARTIN-BRAGG, Cross-Complainant
   c. [X] Enter default of ~~defendant~~ (names): cross-defendants
        RONALD HILLS, IVAN RENE MOORE, RUFFTOWN ENTERTAINMENT, INC. (cont'd on attachment)
   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
        (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169).
             [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
        (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
        (3) [ ] for default previously entered on (date):

2. Judgment to be entered.

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint.................... $ | TO BE DETERMINED | $ | $ | 0.00 |
| b. Statement of damages * | | | |
| (1) Special ................................. $ | | $ | $ | 0.00 |
| (2) General ................................ $ | | $ | $ | 0.00 |
| c. Interest ...................................... $ | | $ | $ | 0.00 |
| d. Costs *(see reverse)* ...................... $ | 0.00 | $ | $ | 0.00 |
| e. Attorney fees .............................. $ | | $ | $ | 0.00 |
| f. TOTALS ..................................... $ | 0.00 | $ | 0.00 $ | 0.00 |

   g. **Daily damages** were demanded in complaint at the rate of: $          per day beginning (date):
   (* *Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4)*.

Date: December 8, 2014

THOMASINA M. REED, ESQ.                              *Thomasina M. Reed*
_____                  ▶ _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [ ] Default entered as requested on (date):<br>(2) [ ] Default NOT entered as requested (state reason):<br><br>Clerk, by _____ , Deputy |
|---|---|

Page 1 of 2

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Code of Civil Procedure,
§§ 585-587, 1169
www.ccurtinfo.ca.gov

Bragg

*EXHIBIT A*

CIV-100

| PLAINTIFF/PETITIONER: IVAN RENE MOORE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KIMBERLY MARTIN-BRAGG, NELONIA BRAGG, LORIA GLASGOW, ELOISE MARTIN | BC 464111 |

**4. Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did ☒ did not for compensation give advice or assistance with this form.
*(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*
   a. Assistant's name:
   b. Street address, city, and zip code:
                                 c. Telephone no.:
                                 d. County of registration:
                                 e. Registration no.:
                                 f. Expires on (date):

**5.** ☒ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).*
    This action
   a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

**6. Declaration of mailing** *(Code Civ. Proc., § 587).* A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date):* 12/8/2014   (2) To *(specify names and addresses shown on the envelopes):*
      Ivan Rene Moore, 1236 S. Redondo Blvd., L.A., CA. 90019
      Ronald Hills, 1236 S. Redondo Blvd., L.A., CA. 90019
      Rufftown Entertainment, 1236 S. Redondo Blvd., L.A., CA. 90019
      (continued on Attachment 6.b.)

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: 12/8/2014

FRANCINE JENNINGS
       (TYPE OR PRINT NAME)                            (SIGNATURE OF DECLARANT)

**7. Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees ............................................. $
   b. Process server's fees...................................... $
   c. Other *(specify):* ............................................ $
   d. ..................................................................... $
   e. **TOTAL** ......................................................... $     0.00
   f. ☒ Costs and disbursements are waived. on Cross-Comp laint
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 12/8/2014

THOMASINA M. REED, ESQ.
       (TYPE OR PRINT NAME)                            (SIGNATURE OF DECLARANT)

**8.** ☒ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 12/8/2014

THOMASINA M. REED, ESQ.
       (TYPE OR PRINT NAME)                            (SIGNATURE OF DECLARANT)

Martin Dean's
ESSENTIAL FORMS™

Bragg

| SHORT TITLE: MOORE v. MARTIN-BRAGG | CASE NUMBER: 464111 c/w BC 475551 |

1    ATTACHMENT TO REQUEST FOR ENTRY OF DEFAULT ON CROSS-COMPLAINT:

2

3    1.c:    RENE MOORE MUSIC, INC., and RADIO MULTI-MEDIA, INC.

4

5    6.b.    RENE MOORE MUSIC, INC., 1236 Redondo Blvd., L.A., CA. 90019

6            RADIO MULTI-MEDIA, INC., 1236 Redondo Blvd., L.A., CA. 90019

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

27    This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**  Bragg
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

Martin Dean's
**ESSENTIAL FORMS™**

Case 2:14-bk-15698-ER    Doc 1    Filed 03/25/14    Entered 03/25/14 17:38:12    Desc Main
Document    Page 18 of 30    3/25/14  5:35PM

B6B (Official Form 6B) (12/07) - Cont.

In re  **Kimberly Martin-Bragg**                                      ,         Case No. _____
_____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Ownership in Rene Moore Music,Radio Multi Media, Radio Multi Media investments, Rufftown Entertainment Group which owns musical/recording equipment, masters and publishing rights.** | W | Unknown |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

                                                           Sub-Total >              0.00
                                                        (Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

1    Ivan Rene Moore
     1236 Redondo Boulevard
2    Los Angeles, California 90019

3    310 410-0964
     323 932-9439 fax
4

5    Plaintiff in Pro Per

6

7

**ORIGINAL FILED**

JUN 2 7 2013

LOS ANGELES
SUPERIOR COURT

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, CENTRAL

10

11

12    IVAN RENE MOORE, an individual,      )   CASE NO. : BC 480 013
                 Plaintiff,          )
13    vs.                            )   ~~PROPOSED~~ ORDER

14    KIMBERLY MARTIN-BRAGG,        )
     Et al.                       )   DATE:     February 25th 2013
15                                 )   TIME:     8:30 a.m.
                                  )   PLACE:    Department 40
16

17

18

19                        **PROPOSED ORDER**

20        This Court having read the Ex-Parte Application and having heard oral argument this

21 Court hereby grants the Ex-parte Application requested by Plaintiff and orders defendant

22 Kimberly Martin Bragg and her representatives and or agent not to sell, move and or dissipate ~~any~~

23 SSL recording console 9000 XL(K)-S/N 91448
~~property of any kind that was left or removed from the Shenandoah Property or in any way~~

24 ~~connected to the any property that was left or move from the 6150 Shenandoah Ave property on or~~

25

26 ~~about February 9th 2012 until present without a court order~~ pending hearing for a **preliminary**

27 **injunction** to be heard on _7-8-13_ in Dept. 40 at 8:30a.m. at 111 North Hill

28 street Los Angeles California 20013.

EXHIBIT B

1    ~~Finally the company or storage facility holding the property is not to let any person or~~

2    ~~company remove property without an order of removal from this court.~~

3    Plaintiff relies on his ex parte papers for the
motion for preliminary injunction. △ opposition

4    is to be filed and served with courtesy copy to left
90 on July 2, 2013; Plaintiff's reply is to be filed

5    It Is So Ordered:    and served July 3, 2013 with a courtesy
copy to court. Personal service of

6    Micaelle Xxxx circuit## .  6-27-13   all papers

Judge of the Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

In accordance with the verdict of the jury, the Court renders judgment for Plaintiff IVAN RENE MOORE against KIMBERLY MARTIN-BRAGG on the causes of action for trespass to chattel and conversion and for Defendant KIMBERLY MARTIN-BRAGG on the Civil Code section 1965 cause of action. The Court awards judgment to Plaintiff IVAN RENE MOORE against Defendant KIMBERLY MARTIN-BRAGG in the sum of three million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon together with costs in the amount of $_____.

The Jury recommends that Plaintiff IVAN RENE MOORE is entitled to the return of personal property specifically identified, to wit, clothing, shoes, kitchen equipment, personal property, piano, SSLK console, Masters, '71 Camaro, personal legal documents and recommends a reduction of the verdict to six hundred fifty thousand dollars ($650,000) should the property be returned.

The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted.

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with the evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN-BRAGG is ordered to have the property returned to IVAN RENE MOORE.

5

EXHIBIT C

Additionally, if the items, or any of them, are not returned, IVAN RENE MOORE may seek enforcement of the judgment for possession of personal property in accordance with Code of Civil Procedure sections 714.010 et seq. The Court will make such further orders as is necessary to effectuate the enforcement of the judgment, including an order for removal of the SSLK Console from 6150 Shenandoah Avenue as it requires professional disassembly.

The Court will reduce the judgment in an amount to be determined by this Court up to $650,000 should Plaintiff receive the return of his property. If KIMBERLY MARTIN-BRAGG returns only a portion of the property or the property is damaged to the extent that it is unusable, Plaintiff may apply to the Court by way of noticed motion for a further Order regarding an offset consistent with the evidence presented at trial and with this judgment.

This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property.  However, the judgment is enforceable.

Dated:  November 8, 2013

**MICHELLE R. ROSENBLATT**
_____

Michelle R. Rosenblatt, Judge

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

**NOV 08 2013**

Sherri R. Carter, Executive Officer/Clerk

By Jeff W. Lipp, Deputy

|  |  |
|---|---|
| IVAN RENE MOORE, | ) Case No. BC480013 |
| Plaintiff, | ) Interlocutory<br>) Judgment |
| v. | ) |
| KIMBERLY MARTIN-BRAGG<br>Defendant. | ) |

This action came on regularly for trial on July 15, 2013, in Department 40 of the Los Angeles Superior Court, the Honorable Michelle R. Rosenblatt, Judge presiding. Plaintiff IVAN RENE MOORE appeared *in propria persona* and Defendant KIMBERLY MARTIN-BRAGG appeared by attorney Thomasina M.Reed, Esq.

On October 19, 2012, the Court had granted a motion to consolidate BC480013 with BC483652. On July 15, 2013, at the request of Plaintiff, and with no objection from Defendant Martin-Bragg the Court bifurcated the causes of action for trespass to chattel, conversion of personal property, and Civil Code section 1965 from the remaining causes of action in BC483652 and the trial was heard as to those causes of action alone.

A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and testified. The Court granted Plaintiff's request to amend the complaint to conform to proof to add a prayer for the return of the personal property. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury, with directions to return each special verdict and to include a recommendation (advisory verdict) to the Court whether the property should be returned and if so, the jury's recommendation as to the reduction in damages to be awarded. The

jury was instructed to complete the verdicts on the trespass to chattel and on the conversion but that the damages award is in the alternative.

On the conversion cause of action, the jury verdict was as follows:

1.  Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a ) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2.  Did Kimberly Martin-Bragg intentionally and substantially interfere with any of Ivan Rene Moore's property by taking possession of/preventing Ivan Rene Moore from having access to, or destroying, or refusing to return any of items to which you checked "yes" in question 1 after Ivan Rene Moore demanded its return? YES

3.  Did Ivan Rene Moore consent? NO

4.  Was Ivan Rene Moore harmed? YES

5.  Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6.  What are Ivan Rene Moore's damages?

a.  For fair market value of the property:  $2.5 million ($2,500,000.00)

b.  For lost profits:                   $650,000

Total:                            $3,150,000

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the trespass to chattel cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:  YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally interfere with Ivan Rene Moore's use or possession of any of Ivan Rene Moore's property or damage his property?  YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property:  $2.5 million ($2,500,000.00)

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the Civil Code section 1965 cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:  YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Was the property owned, possessed or which Ivan Rene Moore had the right to possess in 6150 Shenandoah at the time Ivan Rene Moore vacated the premises? YES

3. Did Ivan Rene Moore request from Kimberly Martin-Bragg or her attorney, in writing, within 18 days of vacating 6150 Shenandoah Avenue, the surrender of the personal property?  YES

4. Did the written request include a description of the personal property and specify a mailing address of Ivan Rene Moore?  NO

4

B6B (Official Form 6B) (12/07) - Cont.

In re    **Kimberly Martin-Bragg**                                                    ,    Case No. _____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Ownership in Rene Moore Music, Radio Multi Media, Radio Multi Media investments, Rufftown Entertainment Group which owns musical/recording equipment, masters and publishing rights.** | **W** | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Sub-Total >                0.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

EXHIBIT D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/08/13

HONORABLE Michelle R. Rosenblatt    JUDGE    J. Lipp    DEPT. 40    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR

Deputy Sheriff    T. McCoy    Reporter Pro Tempore    Reporter

8:30 am BC464111

IVAN RENE MOORE    Plaintiff Counsel    in pro per (x)
VS                                            C. Hudson (x)
KIMBERLY MARTIN-BRAGG ET AL    Defendant Counsel

R/T   BC480013, BC43365    L. Coe (x)
consol. w/ BC475551    T. Reed (x)

NATURE OF PROCEEDINGS:

Ex parte application to continue trial is moot.
Ex parte appliation to stay enforcement of judgment
is denied.

Page   3 of   3   DEPT. 40

MINUTES ENTERED
11/08/13
COUNTY CLERK

EXHIBT E

SUPERIOR COURT, OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/08/13                                                              DEPT. 40

HONORABLE Michelle R. Rosenblatt    JUDGE   J. Lipp              DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM                 ELECTRONIC RECORDING MONITOR

                                   Deputy Sheriff  T. McCoy
                                             Reporter Pro Tempore      Reporter

8:30 am  BC464111
                                             Plaintiff
                                             Counsel   in pro per (x)
         JUAN RENE MOORE
         VS                                          C. Hudson (x)
         KIMBERLY MARTIN BRAGG ET AL        Defendant
                                             Counsel

              R/T   BC480013, BC48365
         consol. w/ BC475551                         L. Coe (x)
                                                     T. Reed (x)

NATURE OF PROCEEDINGS:

(Trailed)- MOTION FOR JUDGMENT ON PLEADINGS, MOTION
FOR RECONSIDERATION; FSC, AND 2 EXPARTES

Matter is called for hearing.

The Court hears argument in relation to the Court's
provided written tentative.

Tentative ruling becomes final order of the Court.
Tentative ruling is attached to this minute order
and incorporated herein by reference.

Motion for Reconsideration is denied.  Motion for
Judgment on the Pleadings is granted as indicated in
the ruling.

Each party wishes to give notice.

Final Status Conference is held.
Ruling on Vexatious Litigant Bond:
Plaintiff's objections are overruled.  Defendant's
objections are overruled.  The amount of the vexatious
litigant bond will be $100,000.  The bond is to be
posted no later than February 3, 2014 for BC464111
(including BC475551) and the following causes of
action consolidated from BC483652 into BC480013 as
they relate to 6150 Shenandoah:  breach of express
contract, breach of implied contract, accounting and
damages, constructive trust, resulting trust and

                    Page   1 of   3   DEPT. 40

                                             MINUTES ENTERED
                                             11/08/13
                                             COUNTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE 11/08/13 | | | DEPT. 40 |
| --- | --- | --- | --- |
| HONORABLE Michelle R. Rosenblatt | JUDGE | J. Lipp | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| | Deputy Sheriff | T. McCoy<br>Reporter Pro Tempore | Reporter |

| 8:30 am | BC464111 | Plaintiff<br>Counsel | in pro per (x)<br>C. Hudson (x) |
| --- | --- | --- | --- |
| | IVAN RENE MOORE<br>VS<br>KIMBERLY MARTIN-BRAGG ET AL | | |
| | R/T   BC480013, BC48365 | Defendant<br>Counsel | |
| | consol. w/ BC475551 | | L. Coe (x)<br>T. Reed (x) |

NATURE OF PROCEEDINGS:

partition.  Failure to post the bond by that date
will once again result in the issuance of an order of
dismissal.  Pending posting of the bond, all
litigation of these causes of action is stayed.  The
Court sets an OSC regarding posting of the bond for
2/5/14. along with a trial-setting conference.

Having shown good cause, the trial date of November
12, 2013 is trailed to 11/19/13 for the causes of
action of BC483652 consolidated into BC480013, that
do not relate to 6150 Shenandoah.  No jury fees were
posted in BC483652.  Jury fees were posted in
BC490013 on May 28, 2013.  The two cases were
consolidated on July 25, 2013 under the lower case
number, BC480013.  On the trial date, the trial of
BC480013 was bifurcated at Plaintiff Moore's request
and the Court allowed a trial by jury pursuant to
CCP section 631(g), but the Court finds that jury has
been waived on the second phase of BC480013 pursuant
to CCP section 631(f)(6) as jury fees were not paid
for the successive days in BC480013.

If Ivan Rene Moore's complaint in BC464111 goes to
trial (i.e. if bond is posted), Moore is entitled
to a jury trial as he posted jury fees.  However,
Mr. Moore is advised that failure to timely pay the
fees at the beginning of the second day of trial and
each successive day will result in a waiver of jury
and the jury will be excused (CCP 61 (f)(6)).
Neither Hills nor Martin-Bragg are entitled to a jury
as neither posted fees.

Page   2 of   3   DEPT. 40

MINUTES ENTERED
11/08/13
COUNTY CLERK