**RONALD HILLS**
1236 South Redondo Blvd
Los Angeles, CA 90019

**IVAN RENE MOORE**
1236 South Redondo Blvd
Los Angeles, CA 90019

Ronald Hills., Pro se
Rene Moore., Pro. se

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re:

Kimberly Martin-Bragg,
              Debtor.

)
) Chapter 11
)
) **Case No.:** 2:14-bk-15698-ER
)
) (Chapter 11)
)
) **OPPOSITION AND REPLY TO UNITED STATES TRUSTEE'S RESPONSE TO EX PARTE APPLICATION FOR ORDER TO INSURE REAL PROPERTY AND OTHER PROPERTIES BELONGING TO THE CREDITOR, IVAN RENE MOORE WHICH ARE IN POSESSION AND CONTROL OF THE DEBTOR, KIMBERLY MARTIN-BRAGG OR DISMISS BANKKRUPTCY**
)
) **<u>Hearing Date:</u>**
) Date:   TBD
) Time:   TBD
) Ctrm:   1568
)
) [Hon. Ernest M. Robles]

1

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES TRUSTEE, AND ALL PARTIES ENTITLED TO RECEIVE NOTICE IN THIS MATTER:**

The Creditors, Ivan Rene Moore ("Mr. Moore") and Ronald Hills, ("Mr. Hills"), hereby file this Opposition and Reply to the United States Trustee's Response to Ex Parte Application for Order to insure real property and other properties belonging to the creditor, Ivan Rene Moore which are in possession and control of the debtor, Kimberly Martin-Bragg.

I
INTRODUCTION

On or about April 04, 2015, Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, knowingly and willfully accepted a homeowner Insurance policy on 6150 Shenandoah Property when they knew or should have known that the insurance policy was procured by material misrepresentation by the debtor Kimberly Martin-Bragg.

As members of California State bar and as officers of the court, Peter C. Anderson, Jill M. Sturtevant, Hatty Yip are subject to strict standards of professional responsibility. These standards are set forth in codes of conduct and Privileges, ethics, rules of professional conduct that are established by state bar associations.

Particularly, Peter C. Anderson, Jill M. Sturtevant, and Hatty Yip are required to exercise due diligence and to competently analyze legal issues and exercise knowledge of the law applicable to parties in all legal proceedings including proceedings in United States bankruptcy court.

Peter C. Anderson, Jill M. Sturtevant, and Hatty Yip are required to exercise due diligence to ensure that the document they file or cause to be filed in court are truthful and not based on misrepresentation of material fact.

<u>State Bar of California</u> Professional Rules of conduct for Lawyers, Rule 3-110 and Rule 3-200 is mandatory upon any lawyer appearing before the federal court and the State court.

<u>Rule 3-110 Failing to Act Competently:</u>

A) A member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence.

(B) For purposes of this rule, "competence" in any legal service shall mean to apply the 1) diligence, 2) learning and skill, and 3) mental, emotional, and physical ability reasonably necessary for the performance of such service.

(C) If a member does not have sufficient learning and skill when the legal service is undertaken, the member may nonetheless perform such services competently by 1) associating with or, where appropriate, professionally consulting another lawyer reasonably believed to be competent, or 2) by acquiring sufficient learning and skill before performance is required.

<u>Rule 3-200 Prohibited Objectives of Employment:</u>

A member shall not seek, accept, or continue employment if the member knows or should know that the objective of such employment is:

(A) To bring an action, conduct a defense, assert a position in litigation, or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or

(B) To present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of such existing law.

By their conduct, misrepresentation and omission, when they filed: the United States Trustee's Response to ex parte application for Order to Insure real and other property or…, Peter C. Anderson, Jill M. Sturtevant, and Hatty Yip did not adhere to the standard set forth above.

Peter C. Anderson, Jill M. Sturtevant, and Hatty Yip and each of them lent the prestige of their office to advance the private interest of Kimberly Martin-Bragg even when they knew that such interest is premised upon fraud and material misrepresentation and that said fraud and

material misrepresentation will cause irreparable harm to the Creditors, Ivan Rene Moore and Ronald Hills and others.

Peter C. Anderson, Jill M. Sturtevant, and Hatty Yip knew or should have known that Kimberly Martin-Bragg is not the owner of 6150 Shenandoah, and as such, she cannot lawfully obtain a homeowner insurance on a real property that she does not own.

Currently, Ronald Hills is the Title holder/owner of the 6150 Shenandoah property and the Debtor Kimberly Martin-Bragg is merely trespasser. Said property is non-estate property or earnings. Ronald Hills did not sell the 6150 Shenandoah property to the Debtor Kimberly Martin-Bragg. In fact, Ronald Hills has pending lawsuit for quiet title and Slander of Title against the debtor Kimberly Martin-Bragg pertaining to the 6150 Shenandoah property. Certainly, Ronald Hills did not sell the 6150 Shenandoah to the debtor Kimberly Martin-Bragg and taxes on the property are being paid by Ronald Hills.

Additionally, Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, and knowingly and willfully misrepresented to this court that properties belonging to Ivan Rene Moore which are in possession of the Debtor are insured. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, indicated that:

> **"The U.S. Trustee, reviewed the case file in this case.[3] Debtor is currently is compliance with U.S. Trustee requirement[4]."**

Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, knew that Andrew Goodman, the debtor's lawyer, misrepresented to this court when Andrew Goodman, informed this court that the properties belonging to Ivan Rene are corporate properties and that said properties are insured.

4

Not only did Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, knew that Kimberly Martin-Bragg did not list Ivan Rene Moore personal properties which the debtor has possession and control, Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, knew that said properties valued over Fifty Million dollars *($50, 000,000.00)* are not insured and that Ivan Rene Moore does not have adequate protection to ensure that his properties are secured.

Additionally, Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, knew or should have that on November 8th, 2013, Judge Michelle Rosenblatt, after a jury trial entered a judgment and in that judgment states that "This judgment is interlocutory due to the bifurcation of pending causes of action that are unrelated to the Plaintiff's personal property. However, the judgment is enforceable.

Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, knew or should have Judge Michelle Rosenblatt Order specifically states in pertinent part:

> " The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted".
>
> "The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN BRAGG to return to IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN- BRAGG is ordered to have the property returned to IVAN RENE MOORE." "This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property. However, the judgment is enforceable."

Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee, knew or should have known that the debtor was and is still in possession and control of Ivan Rene Moore's properties referenced [supra], yet misrepresented and lied to this court that:

> "The U.S. Trustee, reviewed the case file in this case.[3] Debtor is currently is compliance with U.S. Trustee requirement[4]."

II

## CONCLUSION

For the foregoing reason, the court should disregard Peter C. Anderson, Jill M. Sturtevant, Hatty Yip and the Office of the United States Trustee misrepresentation that:

> "The U.S. Trustee, reviewed the case file in this case.[3] Debtor is currently is compliance with U.S. Trustee requirement[4]."

And adjudge that the Debtor Kimberly Martin-Bragg does not have insurance and cannot maintain a homeowner insurance on the real property located at 6150 Shenandoah property and does not have insurance on Ivan Rene Moore's property such as: clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with evidence presented at trial.

Respectfully Submitted,

Dated: 4-21-15

/S/
_____
Ronald Hills, Creditor.

_____
Ivan Rene Moore, Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1236 Redondo Blvd Los Angeles California 90019

A true and correct copy of the foregoing document entitled (*specify*): <u>OPPOSITION AND REPLY TO UNITED STATES</u> <u>TRUSTEE'S RESPONSE TO EX PARTE APPLICATION FOR ORDER TO INSURE REAL PROPERTY AND OTHER</u> <u>PROPERTIES BELONGING TO THE CREDITOR, IVAN RENE MOORE WHICH ARE IN POSESSION AND</u> <u>CONTROL OF THE DEBTOR BRAGG</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __04/20/2015__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/20/2015 | Rene Moore | |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

### Secured Creditors

Chase
PO Box 78420
Phoenix, AZ 85062-8420
*See Below*

Great West Retirement Services
PO Box 173764
Denver CO 80217

Wells Fargo Bank
PO Box 25341
Santa Ana, CA 92799-5341
*See Below*

### 20 Largest Creditors

Chase
PO Box 78420
Phoenix, AZ 85062-8420

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles, CA 90019

Stone Busailah, LLP
Attn: Michael Williamson, Esq.
200 East Del Mar Boulevard
Pasadena, CA 91105

Chase
PO Box 15123
Wilmington, DE 19850-5123

Law Offices of Thomasina Reed
5777 West Century Boulevard
Los Angeles, CA 90045

Strategic Acquisitions, Inc., et al
c/o Lane Nussbaum
West Coast Law, APC
27489 Agoura Rd., Ste 102
Agoura Hills, CA 91301

Citibank
PO Box 6004
Sioux Falls, SD 57117-6004

Los Angeles Police Credit Union
16150 Sherman Way
Van Nuys, CA 91410

Wells Fargo Bank
PO Box 25341
Santa Ana, CA 92799-5341

Andrew Goodman
16000 Ventura Blvd Suite 1000
Encino, California 91436

Ronald Hills
1236 Redondo Blvd
Los Angeles Calif 90019

United States Trustee
Peter C. Anderson
915 Wilshire Blvd Suite 1850
Los Angeles, California 90017

United States Trustee Counsel
Queenie Ng
915 Wilshire Blvd Suite 1850
Los Angeles, California 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2012                                                          F 9013-3.1.PROOF.SERVICE