**RONALD HILLS**
**IVAN RENE MOORE**
1236 South Redondo Boulevard
Los Angeles, CA 90019
310 871-9732
Ivan Rene Moore
In Pro Se
Ronald Hills
In Pro Se

FILED
MAY 15 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Kimberly Martin-Bragg,<br>        Debtor<br><br><br>IVAN RENE MOORE,<br><br>        Creditor,<br><br>Vs.<br>KIMBERLY MARTIN-BRAGG, ET AL. | ) **Chapter 11**<br>) **Case No.: 2:14-bk-15698-ER**<br>) **IVAN RENE MOORE AND**<br>) **RONALD HILLS OPPOSITION TO**<br>) **DEBTOR'S MOTION FOR EXTENSION**<br>) **OF DEADLINE TO FILE PLAN AND**<br>) **DISCLOSURE STATEMENT**<br>)<br>) **Date:** June 3, 2015<br>) **Time:** 10:00 A.M.<br>) **Place:** Courtroom 1568<br>)       Los Angeles, CA<br>)<br>) **Judge:** Hon. Ernest M. Robles |

ORIGINAL

### TO THE HONORABLE JUDGE ROBLES AND ALL PARTIES ENTITLED TO NOTICE:

Creditors Ivan Rene Moore and Ronald Hills strenuously opposes and objects to Debtor's untimely request for an extension or any further extension of the Debtor to file a Plan and Disclosure Statement.

---

OPPOSITION TO DEBTOR'S MOTION FOR SECOND EXTENSION TO FILE PLAN AND DISCLOSURE STATEMENT

1

1        This motion is untimely filed and this debtor Bragg presumes this Court will grant this

2   baseless motion by setting the hearing date after the May 22, 2015 due date for the filing of the

3   plan and disclosure statement that was order by this Court. Also because the Court stated that

4   there will be no further extension based on the none activity and movement of this bankruptcy

5   filing this debtor Braggs request for extension to file a Plan and Disclosure Statement must be

6   **denied.**

7        Additionally the debtors Bragg's has shown no good cause for this motion and the debtor

8   Bragg bring this motion in total bad faith.

9

10       This Debtors Bragg and her attorneys also willfully fails to explain to this Court or to the

11  creditors who's failure to act after the expirations of the notice time, and whether or not the

12  neglect was excusable under the **FR BP 9006 (b) (1) rules.**

13

14       The debtors Bragg request for extension is a calculated scheme to relitigate issues that

15  have already been ruled on by this Court and the Los Angeles Superior Court. The relief from

16  stay motions has already granted by this Court over a year ago.

17

18       The debtor's Bragg's stated in her moving papers that the extension is needed so debtor

19  can request to have all matter litigated in this bankruptcy Court. Debtor's bad faith attempt to

20  relitigate or use this Court as debtor's Appellant review Court regarding issues that have already

21  been decided by this Court and the Los Angeles Superior Court. The conduct of this debtor

22  Bragg is in bad faith. Relief from stay was granted by this Court for Mr. Moore and Mr. Hills.

23

24       This bankruptcy filing and this request for extension is nothing more than a calculated

25  scheme of this debtor Bragg to unlawfully maintain and possess and control this creditors

26  Moore/Hills real property **6150 Shenandoah Ave** property and personal property and family

27  heirlooms valued in excess of **$50,000,000.**

28

---

**Additionally this is a no asset bankruptcy** all the assets in this bankruptcy are owned by other parties and or companies that this debtor Bragg has no ownership interest and where this debtor Bragg unlawfully converted and trespass on others property and this debtor Bragg is and has been in wrongful possession of the various subject properties.

This debtor Bragg willfully failed to list all the property of others in her possession and control on her bankruptcy schedules and the storage location of the various properties in her scheme of wrong doing.

There is absolutely no possibility of any feasible plan of reorganization and disclosure statement that can be filed and or confirmed by the debtor Bragg. This debtor owes tens of millions of dollars to creditors. There is no way a retirement salary that is less than **$3,200.00** per month can support a plan and disclosure statement that could be confirmed.

This debtors Bragg has no equity in anything this debtors claims to own including but not limited to the 6150 Shenandoah Ave or the 6160 Shenandoah property which this creditors Mr. Moore rightfully owns. **This case must be dismissed in its entirety.**

This Court made it abundantly clear in its order that the debtor Bragg **must** file their plan and disclosure statement by **May 22nd 2015** and a hearing on the plan and the disclosure statement **will** be heard on **June 17th 2015**. In this debtors Bragg's arrogance and disrespect for this Court and the law this debtor Bragg willfully fail to obey this Courts order. In total disregard of this Courts order, this debtor Bragg set the hearing date for extension after the dead line of this Court ordered for the filing of the plan and disclosure statement. The debtor Bragg's conduct is willful disrespect of the law and this Court's order and a complete dismissal is mandated based on this debtor conduct.

This Court is well aware that this Bankruptcy is over a year old. The debtor is requesting this court to grant an extension for this debtor Bragg based on issues that have already been decided by this Court, and to have all matters heard in the bankruptcy Court based on the trial

---

OPPOSITION TO DEBTOR'S MOTION FOR SECOND EXTENSION TO FILE PLAN AND DISCLOSURE STATEMENT

delays in the Los Angeles Superior Court. This debtors Bragg and her attorneys fail to bring to

this Court that the debtor Bragg and her attorneys are the cause of the trial delays in the Los

Angeles Superior Court.

.        This Court should have a hearing with live testimony of this debtor Bragg and this Court

will see the inconsistencies of this debtor and her attorneys in this action


        This Opposition is based upon the Memorandum of Points and Authorities and the

exhibits, the complete files and records in this action and upon such oral and documentary

evidence as may be allowed at the hearing of this motion.


**RESPECTFULLY SUBMITTED:**


**Dated:  May 11, 2015**


**IVAN RENE MOORE**


**RONALD HILLS**

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.
## PROCEDURAL HISTORY

This fraudulent bankruptcy is over 13 months old with no end in sight. This is an additional request for extension for nefarious reason  by this Debtor who filed this bad faith Chapter 11, to wrongfully possess creditors Moore and Hills  Real and personal property and family heirlooms valued over **$50,000,000.00** and avoid collection on the **$5,650,000.00** judgment Mr. Moore obtained in the Los Angeles Superior Court Moore v Bragg BC 480 013.

This fraudulent bankruptcy was filed, so that the Debtor could wrongfully place property that is not owned by the debtor in this "bankruptcy estate". The Los Angeles Superior Court ruled and ordered that this debtor Bragg had no interest in the 6150 Shenandoah property and this debtor Bragg could not void Mr. Hill's deed to his 6150 Shenandoah Ave property.

Bragg's unlawful conduct is based on Bragg's attempt to remain in possession of the 6150 Shenandoah Property that is not hers, and to keep property that has been adjudged not to be hers in action BC 480 013 Moore v Bragg.

Debtor Bragg also operates this so called Chapter 11 business by putting the property she stole from others in this bankruptcy estate. **This is a no asset bankruptcy** and this Court is aware of Bragg and her counsel's many misrepresentations of the truth to this Court.

**The Property located at 6150 Shenandoah is not in this debtor's name and is over encumbered with liens and 6160 Shenandoah also has liens that exceed the value of the property therefore both of the properties cannot be used in an effective re-organization of this bankruptcy. (See Exhibit A).**

The statements by the debtor Bragg that they need a ruling from the Los Angeles Superior Court regarding 6150 Shenandoah property to file a plan and disclosures statement is nothing more than a sham and her continued fraud upon this court and nothing more.

The Los Angeles Superior Court has previously ruled on the 6150 Shenandoah Ave property. This Debtor Bragg tried to have Judge Rosenblatt declare Mr. Hills deed to the 6150 Shenandoah Property as void. Judge Rosenblatt denied the motion and stated from the bench that the motion was frivolous and in bad faith. **(See Exhibit B).**

The California Court of Appeal ruled and found that Bragg had no documentation to prove ownership of the 6150 Shenandoah property. The debtor Braggs only proof was unsigned and unauthenticated escrow documents. They further found no proof of payment to Mr. Hills for the purchase of the 6150 Shenandoah Property. And contrary to what this debtor Bragg and her attorneys claim in their motions.

The California Court of Appeal found that ruled that there was no rental agreement attached to debtor's Bragg Unlawful detainer complaint which is mandated by California laws. **(See Exhibit C).**

The California Court of Appeal Second District also ruled and opined that this debtor Bragg **would not prevail** in a Quiet Title action regarding the ownership of the 6150 Shenandoah property against the creditor Moore.

The California Court of Appeal also found that Moore and other might very well prevail in an ownership Quiet Title action against Bragg. Bragg abruptly dismissed her frivolous unlawful detainer action to maintain possession of the 6150 Shenandoah Property. **(See Exhibit D).**

The Los Angeles Superior Court ruled that they would evited Bragg from the 6150 Shenandoah property and that this debtor Bragg had to return all of the Moore and Hills real and personal property and family heirlooms again this debtor Bragg filed the bankruptcy to thwart the Courts rulings.

There is and was also a **$3,650,000**, writ of execution obtained by creditor Moore and the Los Angeles Sherriff had started execution on this debtor Bragg. Bragg immediately then filed

the erroneous Bankruptcy to thwart the rulings of the Los Angeles Superior Court and solely to avoid collection of the judgment/debt this debtor Bragg owes.

II.

# IRREFUTABLE FACTS WHO CAUSED THE DELAYS OF THE LOS ANGELES SUPERIOR COURT TRIAL IN MOORE V. BRAGG BC464111 REGARDING 6150 SHENANDOAH PROPERTY

1. The trial was scheduled to start March 29th 2015 in Judge Samantha Jessner Court. It was the Debtor's attorney Thomas Reed, who caused the trial delay by filing a **CCP 170.6** on March 24th 2015 to disqualify the Judge and to stop the trial from going forward. In an attempt to mislead this Court, this debtor Bragg and her attorneys falsely represents to this court that it is the Creditor Moore causing the delay of the trial which is totally false and untrue. (**See Exhibit E 170.6 filed by debtor Bragg).**

2. Creditors Moore and Hills filed ex parte application/motions on March 27th 2015 for an **immediate trial court reassignment** because Moore's witness had traveled from out of town to testify at trial previously set for March 29th 2015. Mr. Moore and Mr. Hills were ready for trial and requested reassignment forthwith for a new trial Court. (**See Exhibit F ex parte applications filed by Moore/Hills on March 27th 2015).**

3. Debtor Bragg and her attorney Thomas Reed filed an objection to the creditors Moore/Hills request for an immediate trial. Debtor Bragg and her attorney Thomas Reed stating that they did not want a immediate reassignment that this debtor Bragg want reassignment of the case to take its normal course 2 to 4 months. This is this debtor Bragg's ongoing scheme to delay hinder and obstruct the pending actions in the Los Angeles Superior Court. (**Exhibit G).**

4. Previously debtor Bragg had requested several continuances of the trial from judge Shaller.

5. The Los Angeles Superior Court denied plaintiffs/creditors, Moore and Hills request for immediate trial reassignment. (**See Exhibit H)**

It is very clear who is causing the delays in the Los Angeles Superior Court trials. it's the debtor Bragg and her attorneys, yet they come to this Court and falsely lay the blame on creditor Moore which again a calculated scheme to wrongfully keep Mr. Moore's and Mr. Hills real and personal property from them.

This Debtor Bragg is relying on this Court to allow her to continue to used and profit from stolen property. This Debtor Bragg is also using this Court as a safe haven for wrong doing.

If this debtor Bragg's conduct was in good faith all they had to do is nothing and the Los Angeles Superior would have set the trial immediately. Therefore, this extension would have been moot. This is clear proof this bankruptcy is in bad faith which shows complete bad faith and unclean hands on the part of the debtor Bragg and her attorneys.

The moving papers lie by omission and commission.   The Debtor fails to point out to this Court, that all delay in moving on with the State Court actions are due to this debtor Bragg and her attorney **Thomas Reed (SBN) 67241** State Court counsel for the debtor Bragg who filed opposition and argued aggressively against the creditor's Mr. Moore and Hills request for a speedy trial.

Neither Mr. Moore nor Mr. Hills has ever asked to continue the State Court actions.  To the contrary the record does reveal their attempts to speed up the trial dates at every juncture. After all it is to Bragg's benefit to be permitted to live in a home that the California Court of Appeals has stated was given wrongfully to her by the Unlawful Detainer Court.

It is to her benefit, and her benefit alone to be able to not only live in a house that is not hers, but to rent out another house and keep the rents/profit because of this bad faith bankruptcy filing.

These many delays caused by this debtor Bragg and her attorneys has and is causing Mr. Moore and Mr. Hills is irreparable harm it had also caused Mr. Moore and  Mr. Hills to lose all of their music business that it has taken over 25 years to build.

//

//

The reality is that this debtor Bragg cannot make a viable plan, even with the continued illegal use of these properties.   This debtor Bragg never intended to make a plan, she intended to use the US Bankruptcy Court to avoid losing the stolen property she has kept, and to avoid collection on the **$5,650,000.00** debt she owes Mr. Moore.   The timing of her bankruptcy and this debtor's action supports this creditor's contentions and conclusions.

The other real property Bragg claims to own 6160 Shenandoah is over mortgaged and under water and this creditor Moore have an ownership interest in that property and a lien on that property.

There is absolutely no plan this Debtor can submit that would be acceptable to this Court because if the Court has reviewed her filings to date, they reveal she has a no asset bankruptcy and that the sham she has created to defraud the creditors and the US Bankruptcy Court is what her Chapter 11 Debtor in Possession is all about.

Allowing this case to go on, severely damages Mr. Hills and Mr. Moore, and fails to protect them in any manner.  Debtor Bragg and her attorneys conduct is tantamount to a Court unknowingly providing a thief permission to keep stolen property, and use while it remains in bankruptcy, which is wrong.

This Court should also note that the Motion filed by the Debtor reveals an intention by the Debtor to commence **more protracted litigation in an attempt** to retry issues that have already been ruled upon by this Court and the Los Angeles Superior Court. This debtor Bragg is trying to use this Court and an Appeal Court for what she lost at trial in Moore v Bragg BC 480 013 and with the California Court of Appeals  which is now California case law **Bragg v. Moore 219 Cal App 4th 367.**

This requested extension will not resolve anything because this debtor's Bragg time has long passed for any State Court Appellant relief and or a motions for new trial, it is clear this debtor has not done any legal research on appeal on motion for new trial.

//

III

## MR. MOORE AND MR. HILLS ARE SUFFERING DAMAGES DAILY DUE TO BRAGG'S FRAUDULENT BANKRUPTCY

As long as Bragg is permitted to keep stolen real property and stolen business and personal property, Mr. Moore and Mr. Hills have no adequate protection and suffer irreparable harm and extreme hardship on a daily basis.

The extension the Court has previously granted, caused Mr. Moore and Mr. Hills to wait nine months for any plan. Now this debtor is asking for another extension which benefits her and her alone. She will be permitted to stay in a house that she does not own and is uninsured, and permitted to steal property that has been adjudged she converted and trespassed upon.

This Debtor Bragg has also sold Mr. Moore classic automobile valued over (US One hundred Thousand dollars) $100, 000, 00 stating the Sherriff told her it was O.K to sell this creditor's Moore classic automobile.

The Los Angeles Sherriff Department Lieutenant Carol the Marin Del Ray Watch Commander vehemently denies the Debtors Bragg's false assertions/statement.

This Court should have live testimony under oath of this debtor Bragg which will unveil the truth of this debtors Bragg's bankruptcy filing by Bragg, **FRAUD**.

### CONCLUSION

Based on the forgoing the request by debtor Bragg for extension to file plan and disclosure statement of the debtor Bragg should be denied as untimely. Also based on the many attempts by the debtor Bragg to mislead this Court and the Los Angeles Superior Court to unlawfully maintain possession and control of Moore/Hills 6150 Shenandoah real Property and Moore & Hills and others personal property valued in excess of *(US $ Fifty Million Dollars)* **$50,000.000, this case should be TERMINATED FORTHWITH.**

**RESPECTFULLY SUBMITTED:**

**Dated: May 11th, 2015**

_____                                    / s/

**IVAN RENE MOORE**                                   **RONALD HILLS**

# DECLARATION OF RONALD HILLS

## OBJECTION AND OPPOSITION TO ANY EXTENSION FOR DEBTOR BRAGG TO

## FILE PLAN AND DISCLOSURE STATEMENT

I Ronald Hills, declare as follows:

I am a Creditor, I have personal knowledge of the following and if called to testify in a Court of law, I would testify to the following:

1. I own the 6150 Shenandoah Avenue property, which Bragg has fraudulently listed on her bankruptcy petition and amendments.   It is not "estate" property and had never been.

2. I never purchased the Shenandoah property and I never sold the Debtor Bragg the 6150 Shenandoah Avenue, Los Angeles, California 90056.   I held it in trust for Ivan Rene Moore and his corporations and myself.

3. The California Court of Appeals, in Bragg vs. Moore, 219 Cal. App. 4th 367,   has decided that Debtor Bragg is in wrongful possession of the 6150 Shenandoah Ave property.

4. This Debtor Bragg is not the legally recorded "homeowner" of 6150 Shenandoah Avenue Los Angeles, California 90056, I am.  A Judge in the Los Angeles Superior Court has ruled so.

5. Bragg brought a motion to void my Deed.   Judge Rosenblatt denied her motion.  Therefore, she cannot raise any argument that she is the owner of record debtor Bragg never appealed the Court decision therefore it is final.

6. I along with Mr. Moore are being irreparably harmed by not being able to have 6150 Shenandoah.   I am without property that contains an extensive recording studio for the music business which I am a part of also.

7.   I have not caused any delays at the Los Angeles Superior Court.

8.   I am ready for the trial and have been for some time, the debtor Bragg has caused the trial delays.

　　　I declare under the penalty of perjury of the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Dated:  May 14, 2015

/s/

**Ronald Hills**

**Creditor and Moving Party**

7.  I have not caused any delays at the Los Angeles Superior Court.

8.  I am ready for the trial and have been for some time, the debtor Bragg has caused the trial delays.

I declare under the penalty of perjury of the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Dated: May 14, 2015

Ronald Hills

Creditor and Moving Party

# DECLARATION OF IVAN RENE MOORE

## OPPOSITION TO ANY EXTENSION FOR DEBTOR BRAGG

## TO FILE PLAN AND DISCLOSURE STATEMENT

I, IVAN RENE MOORE, declare:

I am the most substantial Judgment Creditor of the Debtor Kimberly Martin-Bragg ("Bragg") herein, and have personal knowledge of this matter. If called to testify I would testify to the following:

1. The Debtor Bragg has admitted in the limited 341 Creditor's Meeting that she is in possession and control of my property which was awarded to me and is the subject of the Judgment I hold in Moore vs. Bragg, Los Angeles Superior Court Case No. BC 480013.

2. Bragg does not own or never owned 6150 Shenandoah Avenue, Los Angeles, California 90056. It was never sold to her.

3. I have over a 50 % plus ownership interest in 6160 Shenandoah Avenue, Los Angeles, California 90056 for I made all the mortgage payments and up keep on the 6160 Shenandoah property for over 10 years.

4. This debtor Bragg has embezzled and stolen funds including but not limited to cash from my various night club businesses and my various corporations and me personally.

4. Bragg has admitted that she and or her daughter are selling my property, during the very trial of Bragg's conversion and trespass to chattel, Moore vs. Bragg BC480013, Mr. Moore's property.

5. As long as Bragg is allowed to keep and profit from property that is not hers, I am severely prejudiced and am suffering irreparable harm personally and professionally.

6. I have not caused delays in the State Court Actions. I have asked repeatedly to have the matters set for trial as soon as possible.

7.    I have provided this Court with proof of Bragg and her counsel's continued lies, and her counsel's recent attempts to delay the State Court action.    Bragg and her attorneys have caused at least 7 trials delays.

I declare under penalty of perjury under the laws of the state of California and the United States that the above is true and correct, and if called to testify in a court of law I would testify to same.

Executed at Los Angeles, California on **May 14, 2015**

**IVAN RENE MOORE**
**Creditor**

## III

## MR. MOORE AND MR. HILLS ARE SUFFERING DAMAGES DAILY DUE TO
## BRAGG'S FRAUDULENT BANKRUPTCY

As long as Bragg is permitted to keep stolen real property and stolen business and personal property, Mr. Moore and Mr. Hills have no adequate protection and suffer irreparable harm and extreme hardship on a daily basis.

The extension the Court has previously granted, caused Mr. Moore and Mr. Hills to wait nine months for any plan. Now this debtor is asking for another extension which benefits her and her alone. She will be permitted to stay in a house that she does not own and is uninsured, and permitted to steal property that has been adjudged she converted and trespassed upon.

This Debtor Bragg has also sold Mr. Moore classic automobile valued over (US One hundred Thousand dollars) $100, 000, 00 stating the Sherriff told her it was O.K to sell this creditor's Moore classic automobile.

The Los Angeles Sherriff Department Lieutenant Carol the Marin Del Ray Watch Commander vehemently denies the Debtors Bragg's false assertions/statement.

This Court should have live testimony under oath of this debtor Bragg which will unveil the truth of this debtors Bragg's bankruptcy filing by Bragg, FRAUD.

## CONCLUSION

Based on the forgoing the request of the debtor Bragg should be denied and this case should be terminated forthwith based on the many attempts by the debtor Bragg to mislead this court and the Los Angeles Superior Court to unlawfully maintain possession and control of Moore/Hills 6150 Shenandoah Property and others personal property valued in excess of (US $ Fifty Million Dollars) $50,000.000.

RESPECTFULLY SUBMITTED:

Dated: May 11th , 2015

_____
IVAN RENE MOORE

_____
RONALD HILLS

delays in the Los Angeles Superior Court. This debtors Bragg and her attorneys fail to bring to this Court that the debtor Bragg and her attorneys are the cause of the trial delays in the Los Angeles Superior Court.

This Court should have a hearing with live testimony of this debtor Bragg and this Court will see the inconsistencies of this debtor and her attorneys in this action

This Opposition is based upon the Memorandum of Points and Authorities and the exhibits, the complete files and records in this action and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

RESPECTFULLY SUBMITTED:

Dated: May 11, 2015

_____
IVAN RENE MOORE

_____
RONALD HILLS

B6A (Official Form 6A) (12/07)

In re    **Kimberly Martin-Bragg**                   ,      Case No. _____

                                  Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Residence: 6150 Shenandoah Avenue, Single family residence (Primary Residence)** | | W | 975,000.00 | 2,447,685.00 |
| **Rental Property: Single Family Residence Location: 6160 Shenandoah Avenue, Los Angeles CA 900056** | | W | 975,000.00 | 1,278,084.17 |

|  |  |  |
|---|---|---|
| Sub-Total > | **1,950,000.00** | (Total of this page) |
| Total > | **1,950,000.00** | |

  **0**   continuation sheets attached to the Schedule of Real Property                     (Report also on Summary of Schedules)

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT. 40

DATE: 02/01/13

HONORABLE MICHELLE R. ROSENBLATT      JUDGE   J. LIPP      DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

H. CARRILLO (CA)      Deputy Sheriff   C. Trigg 11955      Reporter

| | | | |
|---|---|---|---|
| #8:31 am | BC464111 | Plaintiff Counsel | in pro per(x) |
| | IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG ET AL | Defendant Counsel | T. Reed(x) L. Coe(x) |
| | R/T   BC480013, BC48365 consol. w/ BC475551 | | |

NATURE OF PROCEEDINGS:

DEFENDANTS'S (KIMBERLY MARTIN-BRAGG and LORIA GLASGOW)
MOTION TO DISMISS CONSOLIDATED ACTIONS AND VOID
FRAUDULENT DEEDS;

DEFENDANT'S (JPMORGAN CHASE BANK, N.A.) JOINDER TO
MOTION TO DISMISS CONSOLIDATED ACTIONS AND VOID
FRAUDULENT DEEDS;

The matter is called for hearing.

The Court indicates tentative rulings.  The Court
hears argument.

Court rules as follows:  The exparte application
that was trailed to today which alleged inadequate
notice of today's motion to dismiss is denied.
Notice is deemed adequate.

Motion to Dismiss BC464111 is granted.  The request
to void fraudulent deeds is denied.

Court notes that case BC464111 contains a related
case:  BC475551.  Certain causes of action in
BC475551 shall remain and the Court shall use case
number BC464111.  Counsel is to file a detailed order
and or Judgment which specifically spells out which
causes of action shall remain.

Exparte application for stay pending appeal of

Page   1 of   2   DEPT. 40

MINUTES ENTERED
02/01/13
COUNTY CLERK

EXHIBIT B

Cited
As of: November 5, 2013 6:26 PM EST

# Martin-Bragg v. Moore

Court of Appeal of California, Second Appellate District, Division One
August 1, 2013, Opinion Filed
B238772

**Reporter:** 219 Cal. App. 4th 367; 161 Cal. Rptr. 3d 471; 2013 Cal. App. LEXIS 704

KIMBERLY MARTIN-BRAGG, Plaintiff and Respondent, v. IVAN RENE MOORE, Defendant and Appellant.

**Subsequent History:** [***1] The Publication Status of this Document has been Changed by the Court from Unpublished to Published September 3, 2013.

**Prior History:** APPEAL from a judgment of the Superior Court of Los Angeles County, No. BC459449, Richard L. Fruin, Jr., Judge.

**Disposition:** Reversed.

| Core Terms |
| --- |

unlawful detainer, unlawful detainer proceeding, trial court, consolidate, rend, title to property, discovery, summary procedure, ownership, unlawful detainer action, detainer, complex issue, superior court, deed, escrow, tenant, summary proceeding, possessory right, rental agreement, quiet title, signature, expedite, quiet title action, straightforward, notice, music, unlimited, landlord, mortgage, purport

| Case Summary |
| --- |

## Procedural Posture

Defendant occupant appealed a judgment from the Superior Court of Los Angeles County (California), which, following trial on an unlawful detainer complaint brought under *Code Civ. Proc., §§ 86, subd. (a)(4), 1161,* awarded plaintiff claimant possession of the disputed property, along with rent and damages.

## Overview

There was no copy of a written rental agreement attached to the complaint under *Code Civ. Proc., § 1166, subd. (d)(1).* The trial court refused the occupant's request to consolidate the unlawful detainer case with a pending quiet title action in which the occupant alleged that the claimant's title to the property was held in trust for the occupant's benefit. The occupant presented evidence that the property had long been in his family, that he had used it as security for loans made to his business, and that the person who had transferred title to the claimant had received no payment. The court held that the superior court had erred by trying complex issues of title using the summary procedures for determination of a landlord's right to possession in straightforward unlawful detainer proceedings. The occupant needed time for discovery and preparation with respect to issues regarding the parties' rights to beneficial title. He had not been afforded enough opportunity for such discovery and preparation, which implicated his due process rights, because of the time constraints of unlawful detainer proceedings as set forth in *Code Civ. Proc., §§ 1167, 1179a, 2024.040, subd. (b)(1).*

## Outcome

The court reversed and remanded with directions to determine the parties' rights to legal and beneficial title to the property and to rule on their respective rights to possession based on

EXHIBIT C

219 Cal. App. 4th 367, *395; 161 Cal. Rptr. 3d 471, **492; 2013 Cal. App. LEXIS 704, ***59

the unlawful detainer plaintiff might not hold title sufficient [***60] to justify an [**493] unlawful detainer judgment in her favor and that the unlawful detainer defendant and others might well be entitled to quiet title to the property. Faced with these circumstances, the trial court's trial and implicit determination of the ownership issue within the summary unlawful detainer proceeding, and refusal to permit trial of the issue of title outside of those summary procedures, was an abuse of discretion requiring the judgment's reversal and remand to the trial court for determination of the parties' rights to legal and beneficial title to the property and their respective rights to possession based on that determination. In view of our decision, it is unnecessary for us to consider the appellant's remaining contentions on appeal or to address the parties' remaining requests for judicial notice. [*396]

## DISPOSITION

The judgment is reversed. The appellant is entitled to his costs on appeal.

Mallano, P. J., and Rothschild, J., concurred.

Artessia House

EXHIBIT D

LAW OFFICES OF THOMASI
5777 W. Century Blvd., Suite 1125
Los Angeles, California 90045
TELEPHONE NO.: (310) 215-3215      FAX NO. (Optional): (310) 215-0858
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): KIMBERLY MARTIN-BRAGG

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:
111 N. Hill St.
Los Angeles, California 90012

PLAINTIFF/PETITIONER: IVAN RENE MOORE

DEFENDANT/RESPONDENT: KIMBERLY MARTIN-BRAGG, NELONIA BRAGG,
LORIA GLASGOW, ELOISE MARTIN

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
(Code Civ. Proc., § 170.6)

**FILED**
Superior Court of California
County of Los Angeles

APR 24 2015

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Raul Sanchez

CASE NUMBER:
BC 464111 c/w BC475551

| Name of Judicial Officer: (PRINT) | Dept. Number |
| --- | --- |
| SAMANTHA JESSNER | 31 |

[X] Judge   [ ] Commissioner   [ ] Referee

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

**DECLARATION**

RECEIVED
APR 24 2015
FILING WINDOW

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: KIMBERLY MARTIN-BRAGG
NAME OF PARTY

[ ] Plaintiff/Petitioner    [ ] Cross Complainant
[X] Defendant/Respondent    [ ] Cross Defendant
[ ] Other:

Dated: 4/17/2015

_Thomasine M. Reed_
Signature of Declarant

THOMASINA M. REED, ESQ.
Printed Name

EXHIBIT E

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
(Code Civ. Proc., § 170.6)
Code Civ. Proc., §170.6

## PROOF OF SERVICE

STATE OF CALIFORNIA,                )
                                    ) ss:
COUNTY OF LOS ANGELES               )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5777 W. Century Blvd., Suite 1125, Los Angeles, California 90045.

     On April 20, 2015. I served the foregoing document described as **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** on interested parties in this action, by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Ivan Rene Moore
Ronald Hills
1236 S. Redondo Blvd.
Los Angeles, California 90019

___ BY FACSIMILE: I caused such document to be transmitted to the telephone number of the addressee listed on the attached list, by use of facsimile machine telephone number (310) 215-0858 to the facsimile number listed for them at _____ p.m. The fax machine used reported that the transmission was completed and reported no error. Pursuant to *California Rules of Court*, Rule 2.305(h), a transmission record of the transmission was properly issued.

__XX__ MAIL SERVICE. I deposited such envelopes for the above person and attached list in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after the date of deposit for mailing contained in the affidavit.

    __X__ (State) I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

    __ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: April 20, 2015

FRANCINE JENNINGS

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 29 2015

Sherri R. Carter, Executive Officer/Clerk

By Reynaldo Echon, Deputy

1

**IVAN RENE MOORE**
2    **RONALD HILLS**
1236 South Redondo Blvd
3    Los Angeles, CA 90019

4    PLAINTIFF, In Pro Per

5

6

7
          SUPERIOR COURT OF STATE OF CALIFORNIA
8       COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10

11

12   | **IVAN RENE MOORE,** | Case No. BC464111 |
13   | Plaintiff, | |
14   | vs. | **EX PARTE APPLICATION FOR IMMEDIATE TRIAL DATE BASED ON PLAINTIFF WITNESSES AVAILABILITY AND IRREPARABLE HARM TO THE PLAINTIFF AND OTHERS AFTER OVER 7 DELAYS IN THIS ACTION CAUSED BY DEFENDANT BRAGG: DECLARATION BY IVAN RENE MOORE AND RONALD HILLS** |
15   | **KIMBERLY MARTIN-BRAGG,** | |
16   | | |
17   | Defendant. | |
18   | | Date: April 27th, 2015 |
     | | Time: 8:30 a.m. |
19   | | Place: Dept. 1 |

20      **TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE**

21   **NOTICE** that on Monday, April 27th, 2015, at 08:30 am, or as soon thereafter as this matter may

22   be heard in the above-entitled Court located at **111 North Hill Street Los Angeles, California.**

23      Plaintiffs, **IVAN RENE MOORE** and **RONALD HILLS** hereby applies, for an

24   Emergency Ex Parte Application for an Order from this court for this case to be sent out for

25

26   immediate jury trial.

27                              EXHIBIT F

28   Case No. BC464111
                              1

1      This cases that have been pending since June 22nd 2011 for over **4** years and the jury trial

2  set has been delayed by the misconduct of defendant Bragg and her attorney. This action has

3  been set for jury trial over 7 times and delay after delay by defendant Bragg in an attempt to

4  thwart the jury trial, enough is enough.

5      A lot of this plaintiff's witnesses have traveled from out of town for this jury trial and

6

7  some witnesses took their vacation time to be available for this jury trial that has been pending

8  for over a year for the 7th time.

9      This plaintiff was told and assured by Judge Shaller and Judge Buckley that this jury trial

10  would go forward once relief from stay was granted by the bankruptcy court which is was.

11      It would be a miscarriage of justice and a violation of due process of law to continue to

12  harm these plaintiffs and others with another delay of this jury trial.

13      This plaintiff was unlawfully evicted on February 12th 2012 the California Court of

14  Appeal Second District in a unanimous decision reversed in full the eviction of this plaintiff

15

16  Moore/Hills and others. **(See Exhibit A)**

17      Bragg defendant in this action abruptly dismissed her frivolous Unlawful Detainer action

18  when she found out the Los Angeles Superior Court was going to return possession of the 6150

19  Shenandoah property to this plaintiff  Moore and Hills defendant's Bragg abrupt dismissal of the

20  unlawful detainer action Bragg v Moore BC 459449 divested the Los Angeles Superior Court of

21  jurisdiction of the action. **(See Exhibit B)**

22

23      This plaintiff not having possession of his home/place of business located at 6150

24  Shenandoah Ave is causing this plaintiffs to lose over $250,000, per month and over 60

25  employees/independent contractors over the country and in Los Angeles  have been displaced

26  from a job.

27

28

1    Furthermore this plaintiff has no adequate protection and this defendant Bragg has no

2    ability to pay or repay which mandates this request.

3    This plaintiff Moore already has a judgement against the defendant Bragg for $5,650,000,

4    in case Moore v Bragg BC 480 013, which she has failed to pay 1 cent. (See Exhibit C).

5    This plaintiff also has a California Court of Appeal Fee and coast of over $60,000.00,

6

7    again defendant Bragg has failed to pay.

8    This irreparable harm to the plaintiffs and others must stop as a matter of law and equity

9    under the law. The issues of ownership of the 6150 Shenandoah Ave property can be tried by

10   jury within 4 days including jury selection.

11   **The plaintiff's hereby requests this Honorable Court to reassign to the first**

12   **available Court for immediate jury trial in the above action and or actions.**

13

14

15   Dated: April 26th 2015

16   Respectfully Submitted

17

18

19   Ivan Rene Moore

20

21

22

23   Ronald Hills

24

25

26

27

28   Case No. BC464111                                    3

# I.

## MEMORANDUM OF POINTS AND AUTHORITIES

This ex parte Application is based upon the attached Memorandum of Points and Authorities, Declaration of IVAN RENE MOORE and RONALD HILLS in Support of this emergency ex parte application, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

The plaintiff in this action has prevailed against the defendant Bragg at the California Court of Appeal which is now California case law (***Bragg v. Moore*** (2013) ***219 CA4th 367***, 161 CR3d 471) **The California Court of Appeal an ordered a trial regarding the ownership of the 6150 Shenandoah Property case BC 464111. (See Exhibit D)**

The 6150 Shenandoah property is not in the name of defendant Bragg it is in the name of Plaintiff Ronald Hills and has been for many years. **(See Exhibit E)**

Thereafter defendants Kimberly Martin Bragg abruptly dismissed her erroneous unlawful detainers complaint after the California Court of Appeal rulings and after she saw her legal tactic and unlawful evictions and unlawful conversion and trespass of plaintiff Moore and Hills personal real and business property was about to come to an end.

Also in Moore v Bragg BC480 013 this plaintiff Moore was awarded a **$5,650,000.00** jury award against the defendant for Conversion and Trespass to Chattel.

This plaintiff has not been able to get his personal and family property valued in excess of **$50,000,000.00** based on the defendant's willful violation of a Court order and the argument that the judgment is interlocutory therefore all issues should be decided, notwithstanding Judge Rosenblatt ordered the defendant to return all of plaintiff's property and stated in her order the judgement was enforceable. **(See Exhibit F)**

1    Based on the nefarious bad faith conduct of the defendant Bragg, which includes legal

2  tactics, gamesmanship, game playing, forum shopping, bad faith bankruptcy filing and other

3  unlawful conduct by this defendant Bragg and her attorney in this action caused the many delays.

4    The Bankruptcy Court Judge Robles presiding granted relief from stay immediately and

5  stated that the Court felt the Bankruptcy case filed by Bragg was in bad faith to thwart the rulings

6  from the Los Angeles Superior Court and to obstruct the creditors' rights which included creditor

7  Moore the plaintiff in this action.  Defendants Bragg's hearing for dismissal of bad faith

8  Bankruptcy filing is set for June 17th 2015. **(See Exhibit G)**

9

10    This case is ready and has been ready for jury trial and has been set for jury trial over 7

11  times in over 2 ½ years. While this defendant Bragg unlawfully maintains possession of the

12  6150 Shenandoah property and diminishing the value of the Shenandoah property and the

13  plaintiff's personal property valued in excess of $50,000,000.

14

15    Every time a jury trial dates gets close the defendant Bragg gets sick have to have an

16  operation, files bankruptcy, has a nervous breakdown, drug overdose on and on and on with

17  absolutely no written doctor's excuse.   All of these psychosomatic symptoms are manufacture

18  by defendant Bragg and her attorney to thwart to inevitable, (the Jury Trial).

19    This plaintiff along with Ronald hills have been ready and waiting for trial for over 2 ½

20  years to regain possession of their home and place of business. The plaintiff's has had possession

21  of this property for over 18 years prior to the unlawful eviction of the 6150 Shenandoah property

22  that was reversed in full by the California Court of Appeal Second District.

23

24    The plaintiff's in this action are losing $250,000 per month in income which this

25  defendant Bragg has no ability to repay the losses incurred by the plaintiff.

26

27

28  Case No. BC464111

5

1       This property was used as a home/place of business for over 18 years prior to the

2   unlawful eviction. The property was specially wired and retro flitted with digital up-links to a

3   satellite and internet to broadcast commercials to this plaintiff's radio Stations and recording

4   sessions located across the country.

5       The plaintiff's also operated his other businesses out of the property which includes a

6   multi-million dollars sound recording facility, recording studio, pre-production studio still

7

8   located at the property today.

9       This plaintiff Moore has been out of work since February 12th 2012 the day of the

10  unlawful eviction which mandates this request for an immediate trial date.

11      This Court should also be aware that this plaintiff will lose his FCC license valued in the

12  millions of dollars to his radio stations for being off the air for over 2 ½ years.

13

14      This Defendant Bragg has thwarted the jury trial in every way possible as she is doing

15  now.  This plaintiff is requesting an immediate trial date or in the alterative to have the issue of

16  ownership of the real Property located at **6150 Shenandoah** in the County of Los Angeles Case

17  no. **BC 464111** tried forthwith based on the irreparable harm to the plaintiff's and others and

18  equity and justice under the law.

19      The Defendant Bragg and her attorney caused Judge Shaller to recuse himself based on

20  defendant's attorney writing letters regarding how Judge Shaller should rule on a motion directly

21  to Judge Shaller in which judge Shaller answered the letter regarding the case with no knowledge

22  to any of the plaintiff's in this action.

23

24      Based on the improprieties Judge Shaller recused himself and this Honorable Court

25  reassigned this case to department 31 on April 15th 2015 to Judge Samantha Jessner, a status

26  conference for the trial is set for Monday April 27th 2015 the same day of this ex parte action.

27

28  Case No. BC464111

6

1  Judge Jessner as most judges are aware that Thomas Reed has a total of 7 California State Bar

2  convections and violations in 5 different matters.  Ms. Reed pled guilty to all charges in lieu of

3  total California State Bar disbarment.

4

5

6        As consistent bad faith conduct by the defendant Bragg and her attorney Thomas Reed in

7  this action and defendants Bragg attempt to derail the trial date the defendant Bragg filed a **170.6**

8  to thwart the trial date set for April 29th 2015.  As this Court is aware 170.6 is for the plaintiff

9  and of defendants in the action not the attorney. **(See Exhibit H).**

10

11                              **II.**
                            **EX PARTE**
12                        **APPLICATION**
                           **IS PROPER**
13                            **HERE**

        **California Rules of Court**, **Section 379**, and Local Rules of Court 4.30-4.33. Local Rule
14
   Section 379 provide in pertinent part: **Rule 379**. Ex parte applications and orders
15
        (a)      [Ex parte application] An application for an order shall not be made ex parte
16
                 unless it appears by affidavit or declaration.
17

18
        *(1)* that within a reasonable time before the application the party informed the opposing
19
                 party or the opposing party's attorney when and where the application would be
20
                 made; or *(section intentionally omitted).*
21

22        This application will be made pursuant to all applicable sections of the California Code of

23  Civil Procedure including but not limited to *CCP* § 1005(b) and *CRC* Rule 3.1300(b) both state

24  that the Court may prescribe a shorter time for filing and service of a Motion than the time

25  specified in *CCP* § 1005.

26

27

28  Case No. BC464111

                                    7

Additionally, this application is made pursuant to California Rules of Court 3.1203(a), and CRC Rule 3.1201. "An applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte."

Additionally examination is requested under: CCP 708.110.

(a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

## III.

## EXIGENT CIRCUMSTANCES AND IMMEDIATE DANGER TO PLAINTIFF'S PROPERTY SUPPORT THIS APPLICATION

**California Rules of Court, Section 379**, and Local Rules of Court 4.30-4.33. Local Rule Section 379 provide in pertinent part: **Rule 379.** Ex parte applications and orders

    (b)    [Ex parte application] An application for an order shall not be made ex parte unless it appears by affidavit or declaration.

    *(2)* that within a reasonable time before the application the party informed the opposing party or the opposing party's attorney when and where the application would be made; or *(section intentionally omitted).*

This application will be made pursuant to all applicable sections of the California Code of Civil Procedure including but not limited to *CCP § 1005(b)* and *CRC* Rule 3.1300(b) both state that the Court may prescribe a shorter time for filing and service of a Motion than the time specified in *CCP § 1005*.

Case No. BC464111

8

1       Additionally, this application is made pursuant to California Rules of Court 3.1203(a),

2  and CRC 3.1201 (c):

3

4       (c)     An applicant must make an affirmative factual showing in a declaration contain-

                ing competent testimony based on personal knowledge of irreparable harm,

5                immediate danger, or any other statutory basis for granting relief ex parte."

6                [CRC Rule 3.1201].

7

8       CCP  708.160  also states: " (a) Except as otherwise provided in this section, the proper

9  court for examination of a person under this article is the court in which the money judgment is

    entered."

10

11

12

13

14

15                        **CONCLUSION**

16       For all the foregoing reason, Plaintiff's in this action respectfully requests this Honorable

17  Court to grant this *ex parte* application an assign  the case Bc464111 to the first available Court

18  for immediate jury trial in case BC 464 111.

19

20  Dated:  April 24th , 2015

21                          Respectfully Submitted

22

23                         IVAN RENE MOORE
                         Plaintiff in Pro Per

24

25                         Ronald Hills

26                         RONALD HILLS
                         Plaintiff in Pro Per

27

28  Case No. BC464111

## <u>DECLARATION OF IVAN RENE MOORE</u>

1.    LOS ANGELES COUNTY, CALIFORNIA, Case No.Bc 464111

I, Ivan Rene Moore, declare:

1.  At all times herein mentioned I am an individual residing in the City and County of Los Angeles, California, and if called and sworn, I have personal knowledge of the issues I am declaring to I could and would competently testify to the following:

2.  I am one of the plaintiff's in this action.

3.  I was unlawfully evicted from my home/business location located at 6150 Shenandoah Ave.

4.  I have lived and operated my various business enterprises for over 20 years.

5.  After I prevailed at the Court of Appeal B238772 against defendant Bragg and she still refuses to leave my property.

6.  I prevailed in and received a $5,650.000 jury award and defendant Bragg filed a bad faith Bankruptcy to thwart execution of the judgment.

7.  I have been waiting for my jury trial for over 2 ½ years after many delays, a total of 7 trial reset dates caused by Bragg which includes fake illness, bankruptcy filings, court-room breakdowns on and on and on.

8.  I have witnesses that have traveled from out of town to witness on my behalf regarding matter and issues before the court at trial.

9.  I am losing over $250,000 per month because I am not able to operate my various busi-ness based on the unlawful eviction that was overturned in full by the California Court of Appeals Second District.

10. If I don't start broadcasting my radio stations I will lose my FCC broadcasting license valued in the millions of dollars.

Case No. BC464111

11. I have spent over $3,500.000 on my studio and broadcast facility located at 6150 Shenan-
doah Ave.

12. I respectfully request that this case is sent to the first available court for jury trial.


I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.  Executed at Los Angeles, California on April 26th 2015

Ivan Rene Moore

Case No. BC464111

11

## DECLARATION OF RONALD HILLS

1. LOS ANGELES COUNTY, CALIFORNIA, Case No. BC 464111

I, Ronald Hills, declare:

2. At all times herein mentioned I am an individual residing in the City and County of Los Angeles, California, and if called and sworn, I have personal knowledge of the issues I am declaring to I could and would competently testify to the following:

3. I am one of the plaintiff's in this action.

4. The property located at 6150 Shenandoah Ave is presently in my name and I am listed as the owner of the Shenandoah property with the Los Angeles County recorder and have been for many years.

5. I never sold the 6150 Shenandoah Property to defendant Bragg as she erroneously has stated.

6. I was unlawfully evicted from my home/business location located at 6150 Shenandoah Ave.

7. I have operated my various business enterprises form that location for over 18 years.

8. I have been waiting for the jury trial for over 2 ½ years after many delays  a total of 7 trials reset caused by Bragg which includes fake illness ,bankruptcy filings, courtroom breakdowns on and on and on.

9. I have witnesses that have traveled from out of town to witness on my behalf regarding matter and issues before the court.

10. Mr. Moore and I are losing over $250,000 per month because we am not able to operate our various business based on the unlawful eviction that was overturned in full by the California Court of Appeals Second District.

Case No. BC464111

12

11. If we don't start broadcasting my radio stations we will lose our FCC broadcasting license.

12. We have spent over $3,500.000 on my studio and broadcast facility located at 6150 Shenandoah Ave.

13. I respectfully request that this case is sent to the first available court for jury trial.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Los Angeles, California on April 26th 2015

*Ronald Hills*

Ronald Hills

Case No. BC464111

13

1

**IVAN RENE MOORE**
1236 Redondo Blvd
2   Los Angeles California 90019
Telephone: (310) 410-0964

3

4

5

6   **SUPERIOR COURT OF STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES - CENTRAL DISTRICT**
7

8

9

10

11   **IVAN RENE MOORE,**          Case No. BC 464 111

12      Plaintiff,                **PROPOSED ORDER**

13      vs.                       **Date:** April 27th , 2015
                                  **Time:** 8:30 a.m.
14   **KIMBERLY MARTIN-BRAGG,**    **Place:** Dept. 1

15      Defendant.

16

17                                **ORDER**

18      This Court having read the Ex-Parte Application and having heard oral argument, this

19   Court hereby grants the Ex Parte Application send this case to Los Angeles Superior Court 111

20   North Hill Street Los Angeles California 90012 in department _____ at

21   10:00 a.m. for immediate jury trial on the issue of ownership of the 6150 Shenandoah property

22

23   all parties are to ready witness and documents and exhibits for trial.

24      **IT IS SO ORDERED:**

25      Dated _____   _____

26                                [Superior Court Judge]

27

28

## DECLARATION OF EX PARTE NOTICE

I, Ivan Rene Moore, do hereby declare and certify as follows:

1.     I am a party to this action currently pending in Superior Court, L.A.S.C. Case No. BC 480013.  I have firsthand personal knowledge of the facts as set forth below and, if called upon as a witness, could and would testify competently hereto.

2.     On April 23RD , 2015 I faxed Bragg's attorney Thomasina Reed and gave her notice of the date time place and content of this ex parte application.

3.

4.     On the same day I informed Mr. Hills he informed me that he supports my ex parte request.

5.     Mr. Hills support the ex-parte application

6.     Ms. T. Reeds always contest.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Dated: April 26th 2015

By: _____

Ivan Rene Moore

Case No. BC464111

15

California Courts - Appellate Court Case Information

Appellate Courts Case Information

**CALIFORNIA COURTS**
THE JUDICIAL BRANCH OF CALIFORNIA

2nd Appellate District

Change court  ☑

*Court data last updated: 04/26/2015 07:41 PM*

**Disposition**

**Martin-Bragg v. Moore**
**Division 1**
**Case Number B238772**

| Description: | Reversed in Full |
|---|---|
| Date: | 08/01/2013 |
| Status: | Final<br>The judgment is reversed. The appellant is entitled to his costs on appeal./33pgs/C-M-R |
| Publication Status: | Ordered Published |
| Author: | Cheney, Victoria Gerrard |
| Participants: | Rothschild, Frances (Concur)<br>Mallano, Robert M. (Concur) |
| Case Citation: | none |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy    © 2014
Judicial Council of California / Administrative Office of the Courts

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ALLEN R. KING   Bar No. 94024
4201 Wilshire Blvd.  Suite 207
Los Angeles, California  90010

TELEPHONE NO.: (323) 933-9351   FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: KIMBERLY MARTIN-BRAGG

RECEIVED
NOV 19 2013
ROOM 102

**FILED**
Superior Court of California
County of Los Angeles

**NOV 19 2013**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Alison L. Alba

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: CENTRAL DISTRICT - LOS ANGELES COURTHOUSE

PLAINTIFF/PETITIONER: KIMBERLY MARTIN-BRAGG

DEFENDANT/RESPONDENT: IVAN RENE MOORE

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [ ] Personal Injury, Property Damage, or Wrongful Death<br>　[ ] Motor Vehicle  [ ] Other<br>[ ] Family Law  [ ] Eminent Domain<br>[X] Other *(specify)* : UNLAWFUL DETAINER | BC459449   D-51 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
　a. (1) [ ] With prejudice  (2) [X] Without prejudice
　b. (1) [ ] Complaint  (2) [ ] Petition
　　(3) [ ] Cross-complaint filed by *(name)*:　　　　　　on *(date)*:
　　(4) [ ] Cross-complaint filed by *(name)*:　　　　　　on *(date)*:
　　(5) [X] Entire action of all parties and all causes of action
　　(6) [ ] Other *(specify)*: *

2. *(Complete in all cases except family law cases.)*
　[X] Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: 11/15/2013

.............. ALLEN R. KING ..............
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)
* If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
[X] Plaintiff/Petitioner　　[ ] Defendant/Respondent
[ ] Cross-complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
　Date:

(TYPE OR PRINT NAME OF  [ ] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)
**If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner　　[ ] Defendant/Respondent
[ ] Cross-complainant

*(To be completed by clerk.)* -
4. [✓] Dismissal entered as requested on *(date)*: NOV 19 2013
5. [ ] Dismissal entered on *(date)*:　　　　　as to only *(name)*:
6. [ ] Dismissal not entered as requested for the following reasons *(specify)*:

7. a. [ ] Attorney or party without attorney notified on *(date)*:
　b. [ ] Attorney or party without attorney not notified. Filing party failed to provide.
　　[ ] a copy to conformed  [ ] means to return conformed copy

A. L. ALBA

Date: NOV 19 2013　　　　Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 (Rev. July 1, 2009)

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390

Page 1 of 1

CIV-110

| PLAINTIFF/PETITIONER: KIMBERLY MARTIN-BRAGG | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: IVAN RENE MOORE | BC459449 |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*  IVAN RENE MOORE

2. The person in item 1 *(check one):*
   a. ☒ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):*  ☐ Yes  ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:  11/15/2013

ALLEN R. KING

(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY MAKING DECLARATION)

▶                    _(SIGNATURE)_

## DECLARATION OF MAILING

1. I am employed in, or a resident of, the county in which this mailing occurred, and not a party to this legal action. At the time of mailing, I was at least 18 years of age.

2. My business or residence address and telephone number are as follows:

| ADDRESS | TELEPHONE NUMBER |
|---|---|
| 4201 Wilshire Blvd. Suite 207 | ( 323  )  933-9351 |
| CITY, STATE, ZIP CODE | |
| Los Angeles, California 90010 | |

3. I served this *Request for Dismissal*, as follows:

[X]  I placed true copies in envelopes addressed as shown below and sealed and deposited them, with first-class, prepaid postage, in the United States mail as shown below.

[ ]  I am readily familiar with my firm's or other business' practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service that same day. I placed true copies of the above-entitled document in envelopes addressed as shown below and sealed and placed them for collection and mailing on the date stated below, following ordinary business practices. *NOTE: Service made pursuant to this paragraph will, on motion of the party served, be presumed invalid if the postal cancellation or meter date is more than one day after the date of deposit for mailing stated in this declaration. (C.C.P. assistant (Bus. and Prof. Code §1013a, subd. (3).)*

| DATE MAILED/DEPOSITED | PLACE OF MAILING/DEPOSIT *(City and State)* |
|---|---|
| 11 - 19 - 13 | Los Angeles, California |

4. Envelopes addressed as follows:

IVAN RENE MOORE,  *1236 Redondo Blvd.*  Los Angeles, California 90056

---

*I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.*

| DATE | TYPE OR PRINT DECLARANT'S NAME | DECLARANT'S SIGNATURE |
|---|---|---|
| 11-19-13 | ALLEN R. KING | ▶ |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                              ) Case No. BC 480013
                                             )
                                             )
              Plaintiff,                      )
                                             )
                                             ) Special Verdict-Conversion
v.                                           )
                                             )
                                             )
KIMBERLY MARTIN-BRAGG,                        )
              Defendants                      )
_____            )

# FILED
LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓

BY JEFF W. LIPP, DEPUTY

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
12 Yes 0 No

(b) Piano?
12 Yes 0 No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
12 Yes 0 No

(d) Recording Console SSL K?
12 Yes 0 No

(e) Music, Sound and Recording Equiptment?
12 Yes 0 No

(f) Musical Instruments?
12 Yes 0 No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
0 Yes 12 No

(i) Masters?
12 Yes 0 No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally and substantially interfere with any of IVAN RENE MOORE's property by [[taking possession of/preventing IVAN RENE MOORE from having access to, or destroying, or refusing to return] any of items to chich you checked "yes" in question 1 after IVAN RENE MOORE demanded its return]?

12 Yes 0 No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

### 3. Did IVAN RENE MOORE consent?

_____O___ Yes ___12__No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

### 4. Was IVAN RENE MOORE harmed?

___12___ Yes ___O___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

### 5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

___12___ Yes ___O___ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

### 6. What are IVAN RENE MOORE's damages?

a. For the fair market value of the property:



$ 2.5 million
(2,500,000)

b. For lost profits:

$ 650,000

TOTAL $ 3,150,000

### 7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

___12___ Yes ___O___ No

### 8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camaro personal document

If your answer to question 7 is yes and the Court follows your recommendation, then answer question 9. If your answer is no, stop here, answer no further question

and have the presiding juror          and date this form.

        9.  If the property listed in question 8 is returned to IVAN RENE MOORE,
by what amount, if any, should the damages be reduced?          $ _2.5 million_

Signed: _____

           Presiding Juror

Dated: **7/29/2013**

    After all verdict forms have been signed, notify the court attendant that you are ready to
present your verdict in the courtroom.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                          ) Case No. BC 480013
                                          )
                                          )
            Plaintiff,                    )
                                          )
                                          ) Special Verdict-Trespass
v.                                        ) to Chattel
                                          )
                                          )
KIMBERLY MARTIN-BRAGG,                    )
            Defendants                    )
_____)

# FILED
LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓
BY JEFF W. LIPP, DEPUTY

08/02/2013

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
___12___ Yes ___0___ No

(b) Piano?
___12___ Yes ___0___ No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
___12___ Yes ___0___ No

(d) Recording Console SSL K?
___12___ Yes ___0___ No

(e) Music, Sound and Recording Equiptment?
___12___ Yes ___0___ No

(f) Musical Instruments?
___12___ Yes ___0___ No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
___0___ Yes ___12___ No

(i) Masters?
___12___ Yes ___0___ No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally interfere with IVAN RENE MOORE's use or possession of any of IVAN RENE MOORE's property or damage his property?

___12___ Yes ___0___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here,

answer no further questions, have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

___0___ Yes  _12_ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

_12_ Yes  _0_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

_12_ Yes  _0_ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?

        a. For the fair market value of the property:

$ _2.5 million_
($2,500,000)

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

_12_ Yes  _0_ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camarro, legal documents

If your answer to question 7 is yes and the Court follows your recommendation, then answer question 9. If your answer is no, stop here, answer no further questions and have the presiding juror sign and date this form.

9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced?   $ _2.5 million_

Signed: _____
Presiding Juror

Dated: 7/29/2013

    After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

FOR COURT USE ONLY

**FILED & ENTERED**

**MAY 22 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

In re:

Kimberly Martin-Bragg,

Debtor(s)

CHAPTER: 11

CASE NO.: 2:14-bk-15698-ER

DATE: May 20, 2014
TIME: 1:30 p.m.
CTRM: 1568
FLOOR: 15th

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (Action in Non-bankruptcy Forum)
### (MOVANT: Ivan Rene Moore)

1. The Motion was: ☒ Contested ☐ Uncontested ☐ Settled by stipulation

2. The Motion affects the following non-bankruptcy case or administrative proceeding:

   Case name: Moore v. Bragg

   Docket number: BC480013, BC483652, BC464111, BC475551 (collectively, the "State Court Litigation")

   Court or agency where pending: Los Angeles Superior Court

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1) ☐ 11 U.S.C. § 362(d)(2)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to Debtor(s) and Debtor's(s') estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. Movant may proceed in the non-bankruptcy forum to final judgment (including any appeals) in accordance with applicable non-bankruptcy law.

6. **Limitations on Enforcement of Judgment:** Movant is permitted to enforce its final judgment only by *(specify all that apply)*:
   a. ☐ Collecting upon any available insurance in accordance with applicable non-bankruptcy law.
   b. ☒ Proceeding against the Debtor(s) as to NON-estate property or earnings.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                    Page 1                    F 4001-10.NA

1   THOMASINA M. REED, ESQ., SB #67241
    LAW OFFICES OF THOMASINA M. REED
2   5777 W. Century Boulevard
    Suite 1125
3   Los Angeles, California 90045

4   (310) 215-3215-Telephone
    (310) 215-0858-Facsimile
5
    Attorneys for Defendant,
6   KIMBERLY MARTIN-BRAGG

**FILED**
Superior Court of California
County of Los Angeles

**APR 2 9 2015**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
        Reynaldo Echon

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11  IVAN RENE MOORE,

12              Plaintiff,
            vs.
13
    KIMBERLY MARTIN-BRAGG, etc. et
14  al.,

15              Defendants
    _____
16
    AND RELATED CASES & CROSS-
17  ACTIONS
    _____

18

LEAD CASE NO. BC 464111 cons.w/
BC 475551;RLTD to NO. BC480013
cons. w/ BC 483652

**DECLARATION OF THOMASINA M.
REED, ESQ. IN OPPOSITION TO EX
PARTE APPLICATION BY
PLAINTIFF IVAN MOORE**

DATE:   April 29, 2015
TIME:   8:30 a.m.
DEPT:   1

19              <u>DECLARATION OF THOMASINA M. REED, ESQ.</u>

20      I, THOMASINA M. REED, ESQ., declare and state as follows:

21      1.      I am the attorney for Defendant in this action, and submit this Declaration in

22  lieu of personal testimony pursuant to Sections 2009 and 2015.5 of the <u>California Code of</u>

23  <u>Civil Procedure</u>.   The facts stated herein are true of my personal knowledge, and I further

24  affirmatively state that if sworn as a witness, I could and would testify competently thereto.

25      2.      The above-entitled matters were previously stayed due to the filing of a

26  Chapter 11 Bankruptcy by Defendant Kimberly Martin Bragg ("Bragg") whom I represent.

27  Relief from the stay was granted by the Bankruptcy Court, with conditions that Plaintiff

28  Ivan Rene Moore ("Moore") cannot file new actions against Bragg without the approval of

EXHIBIT E                    1       DECLARATION OF THOMASINA REED RE:
                                     OPPOSITION TO EX PARTE APPLICATION

1  the Bankruptcy Court nor can he enforce any judgment against Bragg or the property of the

2  Bankruptcy estate.

3      3.      Moore has, on numerous occasions, violated the Bankruptcy Court order in

4  several respects, and Bragg, through bankruptcy counsel, has filed a motion for an OSC re:

5  contempt for such violation which seeks to hold him in contempt and will likely result in

6  the reinstatement of the stay.  In addition, Bragg seeks damages and sanctions, including

7  punitive damages, against Moore for his egregious violations of the Order.   Among the

8  conduct alleged against Moore are the repeated ex parte applications made in this Court

9  seeking to enforce the prior interlocutory judgment in Case No. BC 480013.  That

10 judgment is not final.  In addition, Moore has filed repeated ex parte applications in Case

11 No. BC 459449 (the unlawful detainer) which was dismissed by Bragg, trying to obtain an

12 order to reinstate him to possession of her house.  Multiple ex parte requests were made in

13 this matter also.

14     4.      As a result of Moore's conduct, the status of this case is uncertain, since the

15 Bankruptcy Court has the power to vacate the relief from stay it ordered and reinstate the

16 automatic stay.  Moore's actions are deliberate, reflect a pattern or modus operandi, and he

17 is very likely to be held in contempt by the Bankruptcy Court.  Moore has filed at least 2 or

18 3 claims that judicial officers should be disqualified for cause on the eve of a pending trial

19 date.  He is a vexatious litigant and, due to his failure to post a bond of $100,000 as

20 ordered by Judge Rosenblatt, his causes of action in lead case BC 464111 have been

21 dismissed.  He had Ronald Hills file an affidavit alleging bias regarding Judge Frederick

22 Shaller who had set trial for April 29, 2015.  I believe Moore has forged Mr. Hills' name

23 to many documents as the signatures are vastly different.  The trial date was vacated.   All

24 of the delays in bringing this case to trial have been caused by Moore.

25     5.      Kimberly Martin-Bragg is a defendant and cross-complainant and exercised

26 her right to file a peremptory challenge to Judge Samantha Jessner.   The unsigned letter

27 from Moore noticing this ex parte application refers to "nefarious actions" by defendant

28 and counsel and is libelous.  A copy is attached as Exhibit 1.  Defendant has not

1   committed any nefarious actions at all.  Furthermore, this ex parte application violates both

2   the California Rules of Court and local Rules of the Superior Court governing ex parte

3   relief and has no legal support whatsoever.

4        6.     I respectfully request that the Court deny this application and follow the

5   usual processes and procedures regarding reassignment of cases following a challenge.

6   Moore must abide by the process and has no right to an immediate trial over other litigants.

7        Executed this 28th day of April, 2015, at Los Angeles, California.

8        I declare under penalty of perjury that the foregoing is true and correct.

9

10  _Thomasina M. Reed_
     THOMASINA M. REED, ESQ.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05/04/2015

    DECLARATION OF THOMASINA REED RE:
OPPOSITION TO EX PARTE APPLICATION

05/04/2015

# EXHIBIT 1

Rene Moore
1236 Redondo Blvd
Los Angeles, California, 90019
(310) 410-0964
April 23 , 2015

## EX-PARTE NOTICE

Thomas  Reed (SBN) 67241
(STATE BAR CONVICTED ATTORNEY)
5777 W. Century Blvd
Inglewood California 90045
(310)  215-0858 (Via fax)
RE:   Moore v. Bragg


Re: LASC NO: BC 464 111 BC 480 013 BC 483652 BC 475 551


Dear Sirs,


This is to inform you I will be seeking an ex-parte application for immediate trial date in the above entitled actions.  This request is based on the nefarious conduct of the defendant Bragg recently removed in lieu of terminated from the LAPD and her State Bar convicted attorney T Reed.

The ex-parte hearing will be held in department (1) 111 North Hill Street Los Angeles California 90012 at 8:30 a.m. on Monday April 27th 8:30 a.m., . Judge Kevin C. Brazile presiding.


Sincerely yours,


Rene Moore Pro per
Dictated but not read

**Rene Moore**
**1236 Redondo Blvd**
**Los Angeles, California, 90019**
**(310) 410-0964**
**April 27th, 2015**


## EX-PARTE NOTICE


**Thomas Reed (SBN) 67241**
**(STATE BAR CONVICTED ATTORNEY)**
**5777 W. Century Blvd**
**Inglewood California 90045**
**(310) 215-0858 (Via fax)**
**RE:    Moore v. Bragg**


Re: LASC NO: BC 464 111 BC 480 013 BC 483652 BC 475 551


**Dear Sirs,**

        This is to inform you I will be seeking an ex-parte application for immediate trial date in the above entitled actions.  This request is based on the nefarious conduct of the defendant Bragg recently removed in lieu of terminated from the LAPD and her State Bar convicted attorney T Reed.

        The ex-parte hearing will be held in department (1) 111 North Hill Street Los Angeles California 90012 at 8:30 a.m. on Monday April 29th 8:30 a.m., . Judge Kevin C. Brazile presiding.


Sincerely yours,


Rene Moore Pro per
Dictated but not read

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/30/15

DEPT.  1

HONORABLE  KEVIN C. BRAZILE       JUDGE | L. ISMAEL        DEPUTY CLERK

HONORABLE                  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

R. ECHON, C.A.        Deputy Sheriff | NONE                    Reporter

8:30 am  BC464111          *no legal file*   Plaintiff
                                            Counsel
         IVAN RENE MOORE                                NON-APPEARANCE
         VS
         KIMBERLY MARTIN-BRAGG ET AL       Defendant
         *RECUSAL: JUDGE SHALLER           Counsel
         C/W: BC475551    170-JESSNER (D
         R/T: BC480013(C/W: BC483652)

**NATURE OF PROCEEDINGS:**

COURT ORDER RE: PLAINTIFF'S EX PARTE APPLICATION FOR
IMMEDIATE TRIAL BASED ON PLAINTIFF WITNESSES
AVAILABILITY AND IRREPARABLE HARM TO THE PLAINTIFF AND
OTHERS AFTER OVER 7 DELAYS IN THIS ACTION CAUSED BY
DEFENDANT BRAGG


The ex parte application taken under submission is
read, considered, and denied.

Moving party is to give notice.


            CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the above minute order upon each
party or counsel named below by placing the
document for collection and mailing so as to cause
it to be deposited in the United States mail at the
courthouse in Los Angeles, California, one copy of
the original filed/entered herein in a separate
sealed envelope to each address as shown below
with the postage thereon fully prepaid, in
accordance with the standard court practices.
Dated: April 30, 2015

            Page   1 of   2   DEPT.  1

MINUTES ENTERED
04/30/15
COUNTY CLERK

EXHIBIT H

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/30/15                                                    **DEPT.** 1

HONORABLE  KEVIN C. BRAZILE     JUDGE | L. ISMAEL           DEPUTY CLERK

HONORABLE ----------------------- JUDGE PRO TEM --------------- ELECTRONIC RECORDING MONITOR

        R. ECHON, C.A.     Deputy Sheriff | NONE                    Reporter

8:30 am | BC464111       *no legal file* Plaintiff
                                          Counsel
        IVAN RENE MOORE                                  NON-APPEARANCE
        VS                               Defendant
        KIMBERLY MARTIN-BRAGG ET AL      Counsel
        *RECUSAL: JUDGE SHALLER
        C/W: BC475551    170-JESSNER (D
        R/T: BC480013(C/W: BC483652)

**NATURE OF PROCEEDINGS:**


        Sherri R. Carter, Executive Officer/Clerk

        By: _____
                    L. Ismael, Deputy Clerk


        Ivan Rene Moore, In Pro Per
        1236 South Redondo Boulevard
        Los Angeles, California 90019


                    Page   2 of   2   DEPT.  1

┌─────────────────────┐
│ **MINUTES ENTERED** │
│ 04/30/15            │
│ **COUNTY CLERK**    │
└─────────────────────┘

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1236 Redondo Blvd Los Angeles California 90019

A true and correct copy of the foregoing document entitled (*specify*): _____
IVAN RENE MOORE AND RONALD HILLS OPPOSITION TO DEBTOR'S MOTION FOR EXTENSION _____
_ OF DEADLINE TO FILE PLAN AND DISCLOSURE STATEMENT _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   05/15/2015   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/15/2015 | Stan Bethel | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# SERVICE LIST

Secured Creditors

Chase
PO Box 78420
Phoenix, AZ 85062-8420
See Below

Great West Retirement Services
PO Box 173764
Denver CO 80217

Wells Fargo Bank
PO Box 25341
Santa Ana, CA 92799-5341
See Below

20 Largest Creditors

Chase
PO Box 78420
Phoenix, AZ 85062-8420

Chase
PO Box 15123
Wilmington, DE 19850-5123

Citibank
PO Box 6004
Sioux Falls, SD 57117-6004

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles, CA 90019

Law Offices of Thomasina Reed
5777 West Century Boulevard
Los Angeles, CA 90045

Los Angeles Police Credit Union
16150 Sherman Way
Van Nuys, CA 91410

Stone Busailah, LLP
Attn: Michael Williamson, Esq.
200 East Del Mar Boulevard
Pasadena, CA 91105

Strategic Acquisitions, Inc., et al
c/o Lane Nussbaum
West Coast Law, APC
27489 Agoura Rd., Ste 102
Agoura Hills, CA 91301

Wells Fargo Bank
PO Box 25341
Santa Ana, CA 92799-5341

Andrew Goodman
16000 VenturaBlvd Suite 1000
Encino, California 91436

United States Trustee
Peter C. Anderson
915 Wilshire Blvd Suite 1850
Los Angeles, California 90017

Ronald Hills
1236 Redondo Blvd
Los Angeles Calif 90019

United States Trustee Counsel
Queenie Ng
915 Wilshire Blvd Suite 1850
Los Angeles, California 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2/12                                                                        F 9013-3.1.PROOF.SERVICE