

FILED & ENTERED

JUN 04 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Kimberly Martin-Bragg,<br>                Debtor. | Case No.:   2:14-bk-15698-ER<br>Chapter:     11<br><br>**ORDER DISMISSING CASE PURSUANT TO ORDER TO SHOW CAUSE RE: CONVERSION OR DISMISSAL [D.E. 156] AND FOR REASONS SET FORTH ON THE RECORD**<br><br>**Advanced Hearing:**<br>Date:          June 3, 2015<br>Time:         10:00 a.m.<br>Courtroom:  1568 |

On March 25, 2014, Kimberly Martin-Bragg ("Debtor") filed a voluntary individual petition under Chapter 11.  On May 19, 2015, the Court issued an Order to Show Cause re: Conversion or Dismissal ("OSC") and set a hearing for June 17, 2015.  D.E. 156.  On May 19, 2015, the Debtor independently filed and set a hearing on the *Debtor's Notice of Motion and Motion for Order Extending Deadline to File Plan and Disclosure Statement [Second Request]* ("Motion") on June 3, 2015.  On June 2, 2015, the Court posted a tentative ruling, on the docket at entry 160 and incorporated herein by reference, stating its intention that if the issues raised were not adequately addressed, the Court would dismiss the case.  On June 3, 2015, the Motion came on for hearing ("Hearing").  Appearances were as stated on the record.

At the Hearing, it became abundantly clear that the Debtor would not be able to satisfy the Court's concerns regarding the issues that it raised in the OSC under 11 U.S.C. § 1112(b) and that any further continuation of this case would be unnecessary and improper. All essential parties were before the Court and had an opportunity to be heard. Accordingly and consistently with the Court's stated intention in its tentative ruling, the Court *sua sponte* moved up the hearing on the OSC to be concurrent with the hearing on the Motion.

The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation.

The Court's conclusion is unaffected by the Debtor's argument, made on the record that, if given a brief 30-day extension, she could propose a plan and disclosure statement without resolving disputed ownership of certain properties and without resolving other state court matters. If this was the Debtor's intention, she should have *and could have* proposed such a plan and disclosure statement long ago.

Accordingly, there is no need for further briefing and the record of this case has clearly shown that dismissal is proper at this time.

Based on the foregoing and, for the reasons stated on the record, the Court finds that "cause" exists pursuant to 11 U.S.C. § 1112(b) such that the court shall dismiss this case.  11 U.S.C. § 1112(b)(4)(A) (Providing that "cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"); 11 U.S.C. § 1112(b)(4)(E) (Explaining that "cause" includes a debtor's "failure to comply with an order of the court"); 11 U.S.C. § 1112(b)(4)(J) (Stating that "cause" also includes a debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court").

//

In light of the numerous, violated, express bases of 11 U.S.C. § 1112(b), and based on the entire history of this case, as set forth in the OSC, and for the reasons set forth on the record at the Hearing, including considerations of the best interests of creditors, IT IS HEREBY ORDERED that:

1. The case is dismissed, the automatic stay is vacated and all pending motions and adversary proceedings are moot and dismissed;
2. All currently scheduled hearings are VACATED; and
3. The Debtors is hereby directed to pay any and all outstanding quarterly fees owed to the Office of the United States Trustee in the current amount of $650.00.

IT IS SO ORDERED.

###

Date: June 4, 2015

Ernest M. Robles
United States Bankruptcy Judge